JAMES A. BENTLY *et al.*, plaintiffs in error, *vs.* O. T. TERRY *et al.*, defendants in error.

| 59 | 555 |
|----|-----|
| 99 | 105 |
| 59 | 555 |
| 117 | 997 |
| f117 | 999 |
| 59 | 555 |
| 120 | 528 |
| 59 | 555 |
| 130 | 849 |

1. The father of an infant may, by voluntary contract, release his parental power over his child to another.
2. The agreement to care for the child, and the fact that the child is taken when sick, and nursed into health and strength, and supported properly and comfortably for five years, are sufficient considerations to support such a contract; and the contract, though made with the wife by the child's father, will be enforced if acquiesced in by the husband.
3. Such contract is not revocable, except for sufficient legal reasons, such as bad treatment of the child and the like.
4. Large discretion is vested in the judge of the superior court in *habeas corpus* cases, and this court will not interfere with his judgment on law and facts, except it be manifestly abused.

Parent and child. Contracts. *Habeas corpus.* Before Judge HANSELL. At Chambers. Brooks County. June 1, 1877.

Reported in the opinion.

J. G. & W. C. McCALL, for plaintiffs in error.

W. G. TURNER, for defendants.

JACKSON, Judge.

Mrs. Bently and Mrs. Terry are sisters. The latter has no children. When Mrs. Bently was sick and had lost a

child, perhaps two, Mrs. Terry took the little daughter of her sister home with her, and nursed the child, who was sick, into vigor and renewed life.  She kept the child some five years; sick for some time after she took her; delicate up to a year or two ago; has supported her comfortably and kindly all the time, without help from the little girl's parents.  The child is now some eight years old, and was taken by Mrs. Terry when but two or three years old, and almost lifeless.  The parents of the child now want the daughter back, and sued out a writ of *habeas corpus* for her; the judge decided in favor of the retention of the little girl by her aunt, Mrs. Terry.  Mr. and Mrs. Bently, the parents, excepted to that judgment, and the case is before us for review.

In regard to the terms on which the child was taken by Mrs. Terry, the evidence is conflicting.  The Terrys prove that the child was given to Mrs. Terry by Mr. Bently, by their own evidence and that of others.  The Bentlys swear the contrary, and produce witnesses to show the contrary.  The probabilities are that they may have misunderstood each other.  However that may be, the judge below has passed upon the evidence, and he had a right to do so in case of conflict.

1. If the contract was made by Mr. Bently with Mrs. Terry, as she asserts, and tries to prove, there can be no doubt that he had power to dispose of the child.  Section 1793 of the Code settles the point.  It declares that "parental power is lost : 1.  By voluntary contract releasing the right to a third person."  This is precisely what Mr. Bently did in this case, with his daughter, according to Mrs. Terry's version of the agreement.

2. But it is said that there was no consideration for the contract, and that Mrs. Terry, being a married woman, could not make it.  We think that the agreement to take the child home and nurse and care for the little girl as her own, is a sufficient consideration to support such a contract, especially as it has been executed for five years on the part of

Mrs. Terry.   Nor do we think that she could not make such a contract under the circumstances of this case.   Her husband acquiesces in it. ·  He joins· her in defense of this suit. He received the child at his house, and supports his wife throughout in the transaction.   The contract is binding both upon his wife and himself.   Besides, this is a sort of matter that the wife will always manage, and the husband must object in time, if he does not wish to be bound by her acts.   In the case of *Janes vs. Cleghorn*, 54 *Ga.*, 10, the contract there enforced was with a married woman.   But it is clear that, in this case, the husband has ratified all that his wife did.

3. The contract when made and executed in part, as in this case, is clearly irrevocable by the parent, unless for good cause.   This change of mind is not such good legal cause.   It would be wrong to hold that, after the child has been nursed, and loved, and cherished under the contract for five years, it could be revoked at pleasure by the parent. If the child were badly treated, it might be annulled; if any other good legal reason arose, it could be set aside as any other contract which was violated; but for no cause at all, it cannot be.   And so it was held in 54 *Ga.*, 10, before cited.

4. On the facts the judge has passed.   His discretion is, and ought to be, wide in such cases, and unless abused, it should not be controlled.   Code, §4024; 14 *Ga.*, 657; 34 *Ib.*, 99.

We think that the discretion of the circuit judge, in this case, has not been abused, either in respect to the law or the facts, and we have no power to reverse what he has done.   Indeed, the weight of the evidence seems with his opinion on the facts, and the facts being found with Terry and wife, there can be no doubt about the law of the case.

Judgment affirmed.