### BROXTON *v.* FAIRFAX.

1. Where a petition for habeas corpus was brought against the father of a child some nine years old, to secure possession of the child, and it was alleged that the defendant had relinquished his claim to the child and had "given said child to petitioner [she being the sister of the deceased wife of the defendant], and said defendant did release his right to the said [child in question] and gave same to your petitioner," and that since the death of petitioner's said sister, some four years previous to the bringing of the petition, petitioner had had absolute custody and control of the child, but that shortly before the bringing of the petition the defendant, without any legal warrant or authority, had illegally taken possession of the child and carried it away and was keeping the custody of the child at his residence; and where the court overruled a general demurrer to the petition, an exception to the judgment overruling it, based upon the ground that "the petition did not show a sufficient consideration for the alleged contract," was without merit.

2. Prima facie the right to the custody of an infant is in the father; and where this is resisted upon the ground that the father has relinquished his parental rights by contract, a clear and strong case must be made, and the terms of the contract, to have the effect of depriving the father of his control, must be definite and certain. Such a case was not made by the evidence on the trial before the ordinary; and the award of the child to the applicant, by which the father was deprived of its custody, was error.

No. 1142. MAY 14, 1919.

Habeas corpus.    Before Judge Crum.    Dooly superior court. June 18, 1918.

*Busbee & McDonald,* for plaintiff in error.

*Powell & Lumsden,* contra.

BECK, P. J.  Georgia Fairfax instituted habeas corpus proceedings before the ordinary of Dooly county, against Joe Broxton, the

father of a named child some nine years of age, to secure possession of the child, alleging that the defendant had given the child to petitioner, who was the sister of the deceased mother of the child. When the case came on for trial a general demurrer to the petition was urged by the defendant, which was overruled; and after evidence was submitted, the habeas corpus court awarded the child to the applicant. The defendant presented his petition for certiorari to the superior court, seeking to have the judgment of the ordinary reviewed, and the judge refused to sanction the petition. Thereupon the plaintiff in certiorari sued out a writ of error to this court.

1. The ruling made in the first headnote requires no elaboration.

2. Nor is it necessary to elaborate the ruling made in the second headnote, as the principle there ruled has been stated and restated more than once. *Looney* v. *Martin*, 123 *Ga.* 209 (51 S. E. 304; *Richards* v. *McHan*, 129 *Ga.* 275 (58 S. E. 839). That the principle ruled is applicable in this case is apparent upon a consideration of the testimony relied upon by the applicant for the writ of habeas corpus. The testimony of the applicant for the writ of habeas corpus, the defendant in the writ of certiorari, in so far as it tended to sustain her contention that the father had released his parental control of the child and had given the child to her, was in substance as follows: She was the sister of the child's mother, the latter being dead; and in the month of April, 1913, the defendant gave her the child, but she had possession of the child immediately after the death of its mother, which occurred in October, 1912. She "got the child to raise and educate." "At the time defendant gave me the child I wanted him to give papers on the child, but he would not do so." She further testified, in substance, that the defendant had not contributed to the child's support during the time she had had charge of the child, that is, the period of four or five years. The child is now nine years old, and was about four years old when she took him. One Whitsett testified that he was present on the day when the defendant "gave" the child to his sister Georgia (the applicant for the writ of habeas corpus), and that she had previously taken the child home with her, at the time of its mother's death. "My sister [Georgia Fairfax] wanted the defendant to give her papers on the child,

but he would not do so." The testimony of the husband of the petitioner on the subject of the gift of the child to the applicant was substantially the same as that of the applicant herself and of the witness Whitsett. This evidence is contradicted by the evidence introduced by the defendant.

Apart from the fact that the evidence of the petitioner tending to show a gift of the child was contradicted by certain evidence introduced by the defendant, we do not think the evidence introduced by the applicant was sufficient to authorize the habeas corpus court to take the child from the custody of its father and award it to the applicant. The applicant herself and the two witnesses introduced by her testified only in the most general language that the defendant "gave her the child." This may be merely a conclusion of the witness. There should be, to have authorized the habeas corpus court to find that there was a gift, some evidence of the terms of the contract by which it was claimed that the father relinquished his authority and parental control over his infant son. There is no evidence to show that he agreed to relinquish that control during the years of the child's minority or for any particular period of time; or that he made any stipulation that anything should be done for the child by way of rearing it properly or educating it. But it does distinctly appear from the evidence for the applicant that "he refused to give any papers on the child." And this is a very strong suggestion of the conclusion that he did not enter into any definite contract. At any rate we agree with counsel for the plaintiff in error, that the terms of the contract under which it is claimed the father lost parental control of the child were not definite and certain, and the evidence failed to make a case authorizing the taking of the child from the control of the father and giving it to the aunt. Nor will the mere fact that she had had the child for four or five years while it was an infant of tender age, and the father during that time had done nothing or but little to support it, authorize a different holding. Consequently the court erred in refusing to sanction the petition for certiorari.

*Judgment reversed. All the Justices concur.*