## BAILEY v. HOLMES et al.

1. The agreement with reference to the child involved in this case is shown, without contradiction, to have been made in the State of South Carolina. The general rule in that State requires that gifts of this character shall be evidenced by writing. However, this rule, as construed by the Supreme Court of South Carolina, is subject to the exception, where the gift rests only in parol, that where the donee has acted upon the parol gift, has reared and nurtured the infant for a number of years, and motherly and filial attachments have been established by virtue of the relationship, in such circumstances the parent is estopped to deny the gift. The habeas-corpus court was authorized to hold that the facts of this case placed it within the exception to the general rule.

2. The paramount consideration in an adjudication upon a petition of habeas corpus concerning the custody of a child should be to look first to the welfare of the child; and when it appears upon review that the habeas-corpus court has expressly exercised the broad discretion as to the best interest of the child with which such court is clothed, the award of the lower court should not be disturbed unless it is made to appear that there has been a manifest abuse of discretion.

3. Certain letters were admitted in evidence over the objection of the plaintiff (the mother) upon the ground that there was no evidence showing that they were written to or received by her. Even if the letters should have been excluded upon the ground stated, the error in admitting them was harmless. It is obvious from the judgment of the court that the letters, though formally admitted, were not considered by the court, since the unfitness of the mother was not only not made one of the grounds upon which the custody of the child was awarded to another, but such unfitness was not even suggested. After referring to the exception to the South Carolina rule (as referred to in the first headnote), the court in his judgment said: "now to sever these attachments that have naturally sprung up between Mrs. Holmes and the child, attachments engendered by many sleepless nights as she watched with motherly care over this sick child, would not, in the opinion of this court, be right."

4. The evidence authorized the judgment refusing to award the custody of the child to his mother, and awarding his custody to the foster mother, to whose keeping the infant was committed when only a few months old, and whose tender and kindly treatment of the child in sickness and in health ever since was not disputed.

No. 5228. NOVEMBER 24, 1926.

Habeas corpus.    Before Judge Hodges.    Hart superior court. December 3, 1925.

Adoption of Children, 1 C. J. p. 1381, n. 38 New.

Appeal and Error, 4 C. J. p. 776, n. 57.

Habeas Corpus, 29 C. J. p. 109, n. 8; p. 167, n. 72; p. 194, n. 47, 48; p. 195, n. 80, 89.

Parent and Child, 29 Cyc. p. 1592, n. 77; p. 1594, n. 85.

*J. H. & Emmett Skelton* and *Leon Rice,* for plaintiff.

*B. B. Zellars,* for defendants.

RUSSELL, C. J.   Mrs. Ruth Bailey sued out a writ of habeas corpus before the judge of the superior court of Hart County, against Jones Holmes and Emma B. Holmes, alleging that they had taken away from the petitioner and were illegally detaining in their possession the person of Curtis B. Bailey, a minor son of the petitioner.   She averred that she had demanded possession of her child, and the defendants refused to deliver him; that the defendants are not related to the child; and that his detention and restraint is illegal, because petitioner is his mother and entitled to his custody and control and to his services and the proceeds of his labor, and she has not at any time released her rights to the defendants.   The defendants answered that the child was given by his mother to Mrs. Emma B. Holmes; that a voluntary contract was entered into by which the mother gave and delivered the child to Mrs. Holmes, who agreed to take the child, care for it, and send it to school enough to read and write, or do the best she could by the child; that in pursuance of the agreement Emma Holmes cared for the child, gave him services of a physician, and nursed him back to health after a period of bad health which for two years required her constant care and attention.   Omitting various averments of the answer, not material at this time to a consideration of the real issues, the defendants averred that Emma Holmes was able to support the child and qualified to raise him as an honest, capable citizen.   After hearing the evidence his honor, Judge Hodges, awarded the custody of the child to Mrs. Holmes. Mrs. Bailey excepted to this judgment.

The mother strenuously denied that she had ever given the child to Mrs. Holmes; and she presented testimony other than her own, to the effect that she had constantly contributed for the last several years to the support of her boy, not only necessaries and money, but also a pony to ride, and frequent contributions of money to purchase food for the pony.   There was also testimony that the mother, while in almost destitute circumstances at the time of the alleged gift, was now earning $35 or $40 per week, and was possessed of a comfortable home.   However, there was evidence in rebuttal of the plaintiff's testimony, from several witnesses, to the effect that the child was given to Mrs. Holmes by his mother

18

upon the terms stated in the answer. The respondents did not deny that the mother had given the boy money and clothing and other things as testified; but in addition to testifying to an unqualified gift, Mrs. Holmes swore that the mother had often admitted that she had released and surrendered all parental control to her. It appeared that the gift was made in South Carolina; and it was insisted by the plaintiff that the alleged contract should be governed by the laws of that State. The court proceeded upon that theory. It is insisted that the law of South Carolina requires that a gift of a child or relinquishment of parental control must be evidenced by writing. However, the Supreme Court of South Carolina, construing the general rule, has held that the rule is subject to exception where the donee has acted upon a parol gift, has reared and nurtured the infant for a number of years, motherly and filial attachments having sprung up by virtue of the relationship; and that under these circumstances the parent is estopped from denying the gift. Under the law and the evidence the trial judge was authorized to find that Mrs. Bailey, for some reason, desired to be relieved of the responsibility of rearing her child. This desire on the part of the mother was expressed to Mrs. Brown, a sister of Mrs. Holmes. Mrs. Brown, herself not being willing to take the child, stated to Mrs. Bailey that Mr. and Mrs. Holmes (her brother-in-law and sister) wanted to adopt a boy child, and shortly afterwards Mr. Holmes had a conversation with the mother upon the subject. Mrs. Bailey was not satisfied to give the child to Mr. Holmes, and said she would like to talk the matter over with Mrs. Holmes; and according to the preponderance of the testimony, after meeting Mrs. Holmes and being pleased and satisfied with her, a gift of the child in question was made to Mrs. Holmes, who carried him at once from South Carolina to Georgia. In the sharp conflict in the evidence the judge was authorized to find that a parol gift was made. The testimony as to the tender and affectionate treatment of the child by his foster mother was ample and undisputed by even the mother herself, who had frequently visited her son during the years which had elapsed.

While it might seem to us from the testimony in this case that the mother is now financially far better able to provide for her son than Mrs. Holmes would appear to be, still nothing is better settled than that in the award of the custody of an infant child upon writ

of habeas corpus the welfare of the child should be paramount to every other consideration; and that where the discretion of the trial judge as to this is expressly exercised, the custody awarded by the trial court will not be set aside unless it is manifest that there has been an abuse of discretion. The only exception taken to the admission of testimony relates to two letters which were found in a drawer of the room occupied by the mother while on a visit to her son in the home of the defendants in error. Counsel for the plaintiff objected to the admission of these letters, upon the ground that they were not identified as having been written to Mrs. Bailey, nor was it shown that they were ever received or read by her. Upon inspection of the letters we are of the opinion that the objection to the admissibility of these letters was well taken. But it is equally apparent that the formal admission of the letters was harmless to the plaintiff. In the first place, the contents of the letters, even if they had been written to the plaintiff, are insufficient to establish more than a very vague suspicion of intimate relations between herself and the unknown writer. The language used in the letters is equally susceptible of an innocent construction. Furthermore, in a proceeding in which the court is both judge and jury, it must be presumed that the judge has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent. This presumption prevails unless from the judgment itself it appears that consideration has been given to testimony which should have been excluded. Since in the present case the judgment makes no reference to any unfitness of the mother to care for her child, but is based expressly upon the opinion of the court that as to the parol gift of the child made in South Carolina the mother is estopped to demand the return of the child, a concession that the moral character of the mother is good must be inferred.

The headnotes sufficiently amplify what is said in this opinion.

*Judgment affirmed. All the Justices concur.*