BUTLER, administratrix, *et al. v.* ROSS.

No. 12800. June 16, 1939. Rehearing denied July 14, 1939.

*Stephen C. Upson* and *Eugene A. Epting,* for plaintiffs in error. *Erwin & Nix* and *Joe Quillian,* contra.

Jenkins, Justice.  1. "A parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years and during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing the child entitled as a child to the property of the obligor, undisposed of by will." This rule "is applicable where a man and his wife contract jointly to adopt the child of another, and such a contract will bind both the husband and wife severally. . . Such agreement to adopt a child is, after death of the party who agreed to adopt, enforceable against the sole heir at law, by treating the heir as a trustee and compelling him to convey the property in accordance with the contract. . . If the sole heir be dead, such suit may be entertained against his administrator." *Ansley* v. *Ansley,* 154 *Ga.* 357 (114 S. E. 182).  See *Rucker* v. *Moore,* 186 *Ga.* 747 (199 S. E. 106); *Rieves* v. *Smith,* 184 *Ga.* 657, 658 (192 S. E. 372), and cit. Under these rules, where a husband died intestate, predeceasing his wife, a petition of a minor by next friend, against the administratrix of the estate of the deceased wife and her next of kin, claiming, under an alleged contract of adoption between the plaintiff's father and the husband and wife, that portion of the predeceased husband's estate which went at his death to the plaintiff, but which the deceased wife thereafter held as her alleged trustee, and also the estate left by the wife, sufficiently set up an enforceable contract of adoption and a cause of action for injunction and other equitable relief.

(*a*) Prima facie the right to the custody of an infant is in the parent; and where the child is claiming under a contract of adoption made by the father, and her claim is resisted on the ground

that the father had previously relinquished his rights in the child by contract with another person, so as to invalidate his alleged subsequent contract under which the child claims, a clear and strong case must be made, and the terms of any such previous contract must be definite and certain before the father will be taken to have been deprived of his right of control by virtue of any such previous agreement. *Broxlon* v. *Fairfax,* 149 *Ga.* 122 (2), 123 (99 S. E. 292); *Looney* v. *Martin,* 123 *Ga.* 209, 211 (51 S. E. 304); *Richards* v. *McHan,* 129 *Ga.* 275 (58 S. E. 839). The averments of the petition, merely showing that the father while ill had previously temporarily parted with the possession of the plaintiff child by placing her with her aunt, and that he subsequently asserted his right of control at the time he made the alleged adoption contract with the husband and wife, did not show a relinquishment of his parental rights, or negative his right to make such a contract. Nor did the averments as to the previous placing of the child by the aunt in an orphan's home show such a relinquishment by the father. See *Kennedy* v. *Meara,* 127 *Ga.* 68 (56 S. E. 243, 9 Ann. Cas. 936).

(*b*) The petition did not allege that the deceased adopting wife had converted any part of the plaintiff's share as a child from the predeceased husband's estate, but stated merely that the wife before her death had "spent an amount . . *equal to her share* of said estate;" and the petition did not seek any recovery or accounting as to any expended portion from the husband's estate. Therefore the petition could not in any event be subject to the ground of demurrer that it alleged a conversion by the wife of property from the husband's estate, and thus improperly sought to join a claim ex delicto with a claim ex contractu.

(*c*) The petition having been amended to meet the grounds of special demurrer which attacked averments as to conversations with deceased persons; the court did not err in overruling the demurrer on the remaining special grounds, as summarized in the brief of the plaintiffs in error, that "the petition contained allegations of evidence and conclusions of the pleader, and failed to set forth averments of fact in a distinct and orderly manner."

2. Although there were originally averments in the petition that authorities of the orphan's home, where the child had been placed by her aunt, made an adoption agreement with the subsequently adopting husband and wife, and that the father ratified this agree-

ment, such averments failed to show any agreement conforming to the requirements of law. The gist of the cause of action, even as originally brought, was the alleged contract afterwards made by the father with the husband and wife, as stated. There was no demurrer on the ground of misjoinder, multifariousness, or duplicity in setting up two different contracts of adoption. The court did not err in allowing the plaintiff to strike the unessential averments as to acts by the authorities of the orphan's home, over the objection that "it eliminated from the petition allegations of ratification of an alleged contract and left the petition as stating an entirely different and independent contract from the one on which the action was based, the effect of said amendment being to set up a new cause of action."

3. The verdict for the plaintiff was authorized by oral testimony as to the alleged contract of adoption between her father and the adopting husband and wife, and by oral testimony and writings as to their treatment of the plaintiff as a daughter while living in their home.

4. On the question whether the father had relinquished his right of possession to the aunt or the orphan's home before the contract of adoption, a finding for the plaintiff was demanded under the answer of the administratrix. The petition alleged that at the time of the adoption contract relied on, the father had "the sole right of custody, possession, and control of petitioner," and that "this custody, right of control, and right of possession . . remained in [him] until it was relinquished" by the contract. The administratrix answered these allegations by admitting that the father "was and is entitled to the custody, possession, and control of the petitioner."

5. The ground of the motion for new trial, complaining of the refusal to "allow defendants' witnesses, particularly [one named witness], to testify as to the [wife's] statements to said witness in regard to the cause of [plaintiff's] leaving her home, and of the facts and circumstances under which she left, and [the wife's] statements relative thereto," presents no question for decision, since the testimony referred to is not set forth or sufficiently indicated.

6. Under the preceding holdings, the court did not err in refusing the defendant's request to charge the jury that after the plaintiff had been placed in the orphan's home she was from that time

"under the control and direction of its authorities, and no person could have made a contract for possession of the child, or as to its adoption, other than the directors of the orphanage institution;" or in refusing to charge that "the contract must have parties able to contract, a consideration moving to the contract, the assent of the parties to it, and a subject-matter on which to operate," under the defendants' contention that "the father did not have over the child any control and power to make a valid contract as to its adoption," because the orphan's home had such power and authority.

7. Nor did the court err in charging that a father does not part with parental control merely by allowing a child to be placed in an orphan's home, "if he does not agree to relinquish his parental control, and if the father while the child was in the orphan's home was sick and unable to support the child," as appeared from testimony for the plaintiff; or in charging that the father could make an adoption contract such as was alleged, if the jury found that he had not relinquished his control; or in submitting to the jury questions for special findings in this equity case, as to whether the father made the alleged contract, and whether at that time he had the right to the custody and control of the child.

*Judgment affirmed. All the Justices concur.*