BOND *et al. v.* NORWOOD.

No. 14403.   FEBRUARY 9, 1943.

*Joseph B. McGinty,* for plaintiffs in error.

*J. T. Sisk,* contra.

DUCKWORTH, Justice. It is declared in the Code, § 74-108: "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor." That section further provides that this parental power shall be lost by either of the six means therein stated. The Code, § 74-109, provides that a child may by judgment of the ordinary be taken from the possession of the father because of his cruel treatment of the child; and § 74-110 provides that the ordinary may take a child under the age of twelve from the parents, when it is made to appear that the child is being reared under immoral, obscene, or indecent influences likely to degrade its moral character and devote it to a vicious life. With these exceptions, the father's right to the custody of his minor child, as against the claim of a third person, is not subject to legal challenge. The judge was authorized to find from the evidence in this case that the petitioner, the natural father of the child, had not surrendered or forfeited his legal right to the custody by any of the means which the law provides. But it is contended that in the exercise of the discretion which is vested in him by the provisions of the Code, § 50-121, the judge had the legal authority, despite the fact that the father had not forfeited or surrendered his right of custody by any of the acts which the law declares may work such forfeiture, to award custody to the respondents upon the sole ground that in his judgment the best interest of the minor would be protected thereby.

The statute relied upon does declare that the court on hearing all the facts may exercise his discretion as to whom the custody shall be given, and shall have power to give such custody of a child to a third person. This court held in *Smith* v. *Bragg,* 68 *Ga.* 650, that the court had this discretionary power; but a discretion in this respect is not an unbridled and unrestricted authority to ignore legal rights of the parent. A proper discretion will in no case arbitrarily deprive a litigant of rights which that litigant has under the plain provisions of the law. It can not be contended that by the enactment of the. Code section relied on the legislature intended thereby to nullify other statutes above cited, giving to the father of the minor the right of custody and control of that minor, and specifying the various modes whereby the father may under the law surrender or forfeit this legal right. Having thus established by statute the right, and having also provided by statute the ways whereby this right may be lost, the legislature did not intend by the enactment of the section relied upon to establish another means of depriving the father of this valuable right, although the means is as indefinite as the judgment of the various courts may be on the question of the welfare of the minor. We have no hesitancy in holding that the provisions of § 50-121 were not intended by the legislature to, and do not in fact, limit or alter the right of custody of a minor which the law confers upon the father as against the claims of third persons. See generally, *Taylor* v. *Jeter,* 33 *Ga.* 195 (81 Am. D. 202); *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48); *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21); *Harwell* v. *Gay,* 186 *Ga.* 80 (196 S. E. 758); *Butler* v. *Ross,* 188 *Ga.* 329 (4 S. E. 2d, 21).

A different rule of law is applicable when the contest for the custody of a minor is between the parents of that minor. In such a case the father has no prima facie right to its custody, and the law directs that the welfare and best interest of the child control the court in awarding custody. Code, § 74-107. Of course it is the policy of the law in awarding custody of a minor to promote the welfare and best interest of that child in all cases; but in view of the provisions of law giving the father prima facie right to custody as against third persons, and specifying the various acts or omissions of the father which may work a forfeiture of his right of custody, it is obvious that in the eyes of the law, unless the fa-

ther has so lost or forfeited this right, the welfare and best interest of the minor will be protected by putting the child in the custody of the father. These controlling principles of law outweigh any argument which has been offered in support of the attack upon the judgment awarding custody to the father. Since under the evidence the father had not lost or forfeited his right of custody, the judge properly refused to hear evidence tending to show the comparative fitness of the father and the respondents. While the language of the judgment indicates that the judge sought to retain jurisdiction of the case for future action, the judgment is nevertheless sufficiently final to authorize the respondents to except thereto and obtain a review thereof by writ of error. *Porter* v. *McCalley*, 146 *Ga.* 594 (91 S. E. 775, 93 S. E. 405). The judge did not abuse his discretion in awarding custody to the father.

*Judgment affirmed. All the Justices concur.*