18506. RAWDIN *v.* CONNER *et al.*

Submitted March 8, 1954—Decided April 12, 1954.

*Congdon, Harper & Leonard,* for plaintiff in error.
*W. D. Lanier,* contra.

WYATT, Presiding Justice. 1. While it is the general rule that as between parents neither has a prima facie right to custody of a minor child, this rule does not apply as between a parent and a grandparent or grandparents. *Hill* v. *Rivers,* 200 *Ga.* 354 (37 S. E. 2d 386). Upon the death of the mother to whom custody of a minor child has been awarded by a divorce decree, the prima

facie right of custody automatically inures to the father. *Chapin v. Cummings,* 191 *Ga.* 408 (12 S. E. 2d 312); *Girtman* v. *Girtman,* 191 *Ga.* 173 (11 S. E. 2d 782). In a contest between two parties, both of whom are fit and proper persons, the one having the legal right should prevail. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282).

2. It is clear, under the general rules above stated, that the petitioner (plaintiff in error here), is entitled to have custody of the child here involved unless he has lost his parental power by one of the six means set out in Code § 74-108. It is contended that the petitioner has lost his right to parental custody and control, first, by contract.

"It is a well settled rule that, where it is insisted that the father had relinquished his right to the custody and control of his minor child to a third person by a voluntary contract, a clear and strong case must be made, and the terms of the contract, to have the effect of depriving him of his control, should be clear, definite and unambiguous." *Waldrup* v. *Crane,* 203 *Ga.* 388 (46 S. E. 2d 919). The terms of the alleged agreement by which it is contended that the plaintiff in error lost his right to parental control in this case are disputed. However, since it is a matter within the discretion of the trial judge, if there is any evidence supporting his finding, it will not be disturbed. Therefore, considering the evidence most favorably to the defendants in error, we find the evidence as to the agreement substantially as follows: Mr. Conner testified that, after Mrs. Conner wrote petitioner about Mildred's death, a meeting was held and "that they agreed at this meeting that Jackie would be raised by him and Mrs. Conner because they were his grandparents; that they would have full custody and control of the child, raise him as their own, but Sgt. Rawdin could visit the child whenever he felt like it and have the child visit him during vacation time." Mrs. Conner testified that, "Sgt. Rawdin agreed that she and Mr. Conner rear the child as their own and have full custody and raise him as their own because that is what Mildred wanted; that he would have the right to visit the child as he saw fit. That was a definite agreement and that's why they took the child with them to Augusta. . . This agreement was oral and not in writing." Melvin W. Lee, testified that he was at the

meeting; that "Sgt. Rawdin definitely agreed that Mr. and Mrs. Conner could raise the child as their own and have custody and raise as their own; that he never heard Sgt. Rawdin use the words that the Sergeant was giving up his rights as the father, but he got that impression."

Accepting this testimony as true—as we must for purposes of this case—it still fails to meet the requirements of the decisions of this court as to what will constitute such a clear, definite, and unambiguous contract as will deprive a parent of the right to custody and control of his minor child. "There should be, to have authorized the habeas corpus court to find that there was a gift, some evidence of the terms of the contract by which it was claimed that the father relinquished his authority and parental control over his infant son. There is no evidence to show that he agreed to relinquish that control during the years of the child's minority or for any particular period of time; or that he made any stipulation that anything should be done for the child by way of rearing it properly or educating it." *Broxton* v. *Fairfax,* 149 *Ga.* 122, 124 (99 S. E. 292). See also *Waldrup* v. *Crane,* supra, and cases cited.

The evidence in the instant case is wholly lacking in any details as to the terms of the alleged agreement by which it is contended the father relinquished his right to custody and control of his minor child. There are no stipulations as to how the child is to be reared or educated, or any terms of the alleged agreement. Under the authority of the above-cited cases, an agreement lacking in such details is not sufficient to meet the strict requirements of the law as to what is necessary in order to deprive a parent of his right to parental custody and control of his minor child.

3. It is next contended that the petitioner has relinquished his right to custody and control of the child by his failure to provide necessaries. The evidence is undisputed that the petitioner has not furnished to either the child's mother or the grandparents anything for the support of the child since 1949. There is no evidence that the petitioner was required by the decree granting the divorce and custody of the minor child to the mother to provide anything for the support of the child. He voluntarily made an allotment of $30 per month for the support

of his child, which continued until 1949, when he had it stopped. Since that time he has not been asked to contribute anything to the support of the child and has not been informed of the child's need for necessaries.

This court has many times held, under facts similar to those in the instant case, that the mere failure of a parent to provide support for a minor child when in the possession or custody of the other parent, a grandparent, or other person, when no support is requested or needed, is not such a failure to provide necessaries or such an abandonment as will amount to a relinquishment of the right to parental custody and control. See *Hill* v. *Rivers,* supra; *Broxton* v. *Fairfax,* supra; and *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21). Therefore, the petitioner in the instant case, not having relinquished his right to parental custody and control of the minor child here involved, had a prima facie right to that custody and control; and since the petitioner is a fit and proper person, and since it does not appear that an award of custody to him will be detrimental to the welfare of the child, it was error to award such custody to the respondents.

*Judgment reversed. All the Justices concur, except Candler and Hawkins, JJ., who dissent.*

HAWKINS, Justice, dissenting. Under Code § 74-105 it is the duty of a father, who is able to do so, to provide for the maintenance, protection, and education of his child from his own estate, whatever may be its other resources, until majority (*Hines* v. *Mullins,* 25 *Ga.* 696), unless relieved of this obligation in some manner provided by law. It is further provided by Code § 74-108 (3) that, for a failure to discharge this obligation imposed by the law, the father shall lose his parental power and control over the child. *McLain* v. *Smith,* 207 *Ga.* 641 (63 S. E. 2d 663). There was evidence in this case that the father of the child here involved, although able to do so, had contributed nothing towards its support from 1949 up to the time of the institution of the present proceeding, and the trial court was authorized to find that he had thereby lost the right to the custody and control of his son. Therefore, I dissent from the judgment of reversal in this case.

CANDLER, Justice, dissenting. I dissent from the judgment rendered by the majority for the reason stated in a dissenting

opinion which Mr. Justice Hawkins has filed, and also upon the ground that the evidence authorized the court to find that the father relinquished parental control over the child in question by a sufficiently definite contract, which he made with the child's maternal grandfather.