19155.   DAVIS *et al. v.* DAVIS *et al.*

SUBMITTED NOVEMBER 14, 1955—DECIDED JANUARY 9, 1956—
REHEARING DENIED FEBRUARY 16, 1956.

*Robert W. Reynolds,* for plaintiff in error.
*Eugene C. Black, Louis A. Peacock,* contra.

WYATT, Presiding Justice. 1. The plaintiffs in error contend that the evidence in the court below was insufficient to authorize the court to find that the defendant Charles R. Davis, Sr., the father of the child, had forfeited or lost his parental right to the custody and control of his minor child; and that, this being true, the court below was without authority to interfere with or restrict this right in any way.

The plaintiffs in the court below contended and undertook to show by their evidence that the defendant father had relinquished his right to custody and control of his minor child in two ways. The first was by voluntary contract. The evidence by the plaintiffs upon this question, which must be accepted as true for the purposes of this case, since, where there is any evidence to support the judgment of the trial court, that judgment will not be disturbed—was substantially as follows: In January, 1950, Charles R. Davis, Sr., and his then wife, since divorced, separated. Charles R. Davis, Sr., at that time came to live with the plaintiffs in the instant case, bringing with him Charles R. Davis, Jr., the child here involved. Jefferson Irwin Davis, Sr., one of the plaintiffs in the court below testified that, when the defendant father came into the house with the child, he said to Mrs. Davis, his wife and the other plaintiff in the court below: "Mother, here he is; he's yours. You've got to take care of him." Mrs. Davis testified that the child was sick when brought to her house and that she looked after it. She also testified that Charles gave her the child. She testified that she was reluctant to undertake the responsibility of rearing another child, but that Charles said to her: "Mother, you'll have to take him. You've got to help me out. I'll get a nurse and I'll help you and I'll do what I can and it won't be too hard." She further testified that they did get a nurse, who did nothing but look after the child, and that they kept her for two years until neither the plaintiffs nor the defendant father could afford to pay her; that she looked after the child, took him to kindergarten, signed his report card for a six-months period until the defendant father remarried, and took him to his new home; that the father assured the plaintiffs on several occasions that he would never take the child away from them.

The evidence further showed that Charles R. Davis, Sr., had been lawfully awarded custody of the minor child by a decree of

court in accordance with an agreement between the said defendant and his then wife, the mother of the child here involved.

If there is any contract by which the defendant father relinquished his parental right to custody and control of his minor child, it must be found in the facts and circumstances above set out. This court has held many times that a contract by which it is alleged that a father has relinquished his parental right to the custody and control of his minor child to a third person must be established by strong and clear evidence, and that the terms of the contract must be clear, definite, and unambiguous. See *Waldrup* v. *Crane*, 203 *Ga.* 388 (46 S. E. 2d 919); *Broxton* v. *Fairfax*, 149 *Ga.* 122 (99 S. E. 292); *Rawdin* v. *Conner*, 210 *Ga.* 508 (81 S. E. 2d 461). It has also been held that the contract should show the period of time during which control is relinquished, what stipulations were made with reference to rearing and educating the child, and other details of the contract. *Broxton* v. *Fairfax*, *Rawdin* v. *Conner*, both supra.

In the instant case, the evidence wholly fails to make a clear and strong case establishing any contract whereby the defendant father relinquished custody and control of his minor child. Considering the evidence most favorably to the contentions of the plaintiffs in the court below, it simply discloses that the defendant father brought the child to the home of his parents, and told his mother she would have to help him out in looking after and rearing the child, and that he in turn would do what he could to help her do it, would provide a nurse and help in any way he could; and that he did these things. This is far short of a clear and strong case in favor of a finding that he had by contract relinquished his right to custody and control of this child.

Even if it be assumed, contrary to what has been held above, that the evidence showed some kind of agreement by which the defendant father agreed to give the child to one or both of the plaintiffs in the court below, the evidence is entirely insufficient to establish any terms or stipulations which the contract contained, and is for that reason insufficient to establish a legal and binding contract by which the father relinquished his parental custody and control.

2. It is next contended that the evidence in the court below was not sufficient to show that the defendant father had relin-

quished his right to custody and control of this minor child by his failure to provide necessaries, the second way in which the plaintiffs in the court below contended that the defendant had relinquished his right to custody of the child here involved. The evidence is undisputed that the child in question has been well provided for and cared for during the time in which he and his father lived with the plaintiffs; that the father paid for the nurse for the child until, as plaintiffs testified, neither they nor the defendant father could afford to pay her; that the defendant father paid some amount, if not all, on the cost of sending the child to dancing school; that the defendant paid the plaintiffs $5 per week to go on the family bills; and that he paid certain other sums on other expenses of the child. While it may be true that the evidence of the plaintiffs discloses that they bought clothes for the child, paid some of his medical bills, and, in fact, perhaps bore a greater share of the expense and responsibility of rearing this child while he and his father lived with them, and that perhaps the father could have contributed more than he did—the evidence does not show such an abandonment or failure to provide necessaries as will amount to a relinquishment of the right to custody and control of the child here involved. See, in this connection, *Hill* v. *Rivers, Broxton* v. *Fairfax,* both supra, *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21), and *Rawdin* v. *Conner,* supra, cases which are indistinguishable from that here under consideration. The conclusion reached is especially compelling when the evidence shows, as it does here, that the father during the time here involved, was at times unemployed, at others receiving very little income, and in the end going into bankruptcy because of the failure of his business. It follows there is no merit in this contention.

3. Since, as held above, the evidence in the instant case failed to show that the father had relinquished his right to custody and control of his minor child, the court below was without authority to interfere in any way with this custody and control by the father. The right to determine whom the child shall visit and associate with, and when, where, and how often these visits and associations shall take place, is an inseparable and inalienable ingredient of the right of a parent to custody and control of a minor child. The parent having the right of custody and control

of a minor child has the right to make these determinations, and a court has no authority to interfere unless it first appears that the parent has forfeited his rights in a manner recognized by law.

It follows from what has been said above, that portion of the judgment of the court below excepted to was error.

It is directed that the judgment of the court below be amended to conform to the rulings herein made.

Since there has been a substantial modification of the judgment of the court below obtained in this court, it is further directed that the costs in this court be assessed against the defendants in error.

*All the Justices concur.*