## 19316. Woods *et al. v.* Martin.

Candler, Justice. This is a habeas corpus case from Long County, involving custody and control of a minor. The petition alleges: The child in question, Larry Ronnie Woods, is a son of the plaintiffs, and the defendant is his maternal grandmother. He is about three and one-half years old and the defendant has had possession of him about two years. Parental control of the child has not been lost or forfeited in any way prescribed by law. On demand, the defendant refused to surrender him to the plaintiffs, and his detention by her is illegal. By her response, the defendant avers that the father of the child lost his right of parental control by abandonment of his family, and that she is entitled to retain custody and control of the child under a voluntary contract releasing the right of parental control to her. She also avers that the father forfeited his right of parental control by cruel treatment of the child. The court, after hearing the evidence, awarded custody of the child to the defendant. The plaintiffs excepted. *Held:*

1. Code § 74-108, declares: "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor." Among several other ways, this right may be lost by failure of the father to provide necessaries for his child, or by abandonment of his family, by his cruel treatment of the child, and by voluntary contract releasing the right to a third person. Unless parental control has been lost by one or more of the ways prescribed by this Code section, the father's prima facie right to the custody and control of his minor child, as against the claim of a third person, is not subject to legal challenge. *Waldrup* v. *Crane,* 203 *Ga.* 388 (46 S. E. 2d 919). And, as to any one or more of the ways in which parental control may be lost, a clear and strong case must exist before the court is justified in disturbing the natural ties between a parent and child. *Chapin* v. *Cummings,* 191 *Ga.* 408 (12 S. E. 2d 312). While Code § 50-121 provides that, in all habeas corpus cases involving the detention of a child, the court on hearing all the facts, may exercise a discretion as to whom custody will be given and shall have power to award the child to some third person, still this section is applicable only when parental control has been lost by one or more of the ways prescribed by Code § 74-108. *Bond* v. *Norwood,* 195 *Ga.* 383 (24 S. E. 2d 289); *Watkins* v. *Terrell,* 196 *Ga.* 651 (27 S. E. 2d 329); *Morris* v. *Grant,* 196 *Ga.* 692 (27 S. E. 2d 295).

2. Was the judge authorized to find from the evidence in this case that the father had lost parental control of the child involved by his failure to provide necessaries for him, or by abandonment of his family? Touching this, the evidence shows: During 1953, the plaintiffs had domestic troubles, the nature of which is not disclosed by the record. They also had financial difficulties resulting from the destruction of their home by fire. They separated and Mrs. Woods filed a suit for divorce on some ground not shown by the record. She voluntarily dismissed her suit a month later when they reconciled their differences and renewed marital status. While the plaintiffs were having their domestic troubles, the evidence does not show or tend to show that Mr. Woods did not provide necessaries for his family, including the child here involved.

406

Mrs. Woods testified that, while she and her husband were having domestic troubles and financial difficulties, they carried their three minor children to Glennville where her mother (the defendant) then resided. Her husband remained in town while she carried the children by taxi out to her mother's home. Her mother agreed to keep the children temporarily for $10 per week, and she and her husband regularly paid her the agreed amount. The defendant testified that she did agree to keep the two older children for $10 per week; that the weekly amount was regularly paid while she kept them; and that her daughter gave her the child here involved on her promise to rear him as her own and at her expense. She also testified that the plaintiffs had never paid her anything for keeping the child involved, and that no demand therefor had been made by her. From this evidence, the judge was unauthorized to find that the father's right of parental control was lost by his failure to provide necessaries for his child, or by abandonment of his family. As to this issue, it did not prove that clear and strong case which the law requires. *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48); *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21); *Brown* v. *Newsome,* 192 *Ga.* 43 (14 S. E. 2d 470); *Roebuck* v. *Calhoun,* 201 *Ga.* 496 (40 S. E. 2d 142).

3. There is no merit in the contention that the father lost his right of parental control by cruel treatment of the child here involved. All that the record shows as to this, is the following: The defendant testified that she was at her daughter's home when this child was about seven months old. At that time she saw some stripes on his body. Her daughter told her that her husband had beaten the child. It does not appear from the record that the father was present when this statement was made, and Mrs. Woods testified that the defendant's testimony respecting such an occurrence was wholly untrue. The defendant's testimony on this point was, of course, purely hearsay and hearsay testimony of this nature, though unobjected to, has no probative value. *Longstreet* v. *Longstreet,* 205 *Ga.* 255 (1) (53 S. E. 2d 480).

4. There is no contention that the father had by contract relinquished his right of parental control over the child involved. For her right to retain custody of the child in consequence of a contract, the defendant relied solely on one she claims her daughter made with her. On this contention, and as against the father's right of parental control, an award of custody to the defendant was wholly unauthorized by the evidence.

5. It follows from what has been ruled above that the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1956—DECIDED JUNE 12, 1956.

*Allyn M. Wallace,* for plaintiff in error.
*Ralph L. Dawson,* contra.