### 21369. COLEMAN v. WAY *et al.*

QUILLIAN, Justice. 1. Where, as in the case sub judice, the father of a minor child has not forfeited his right of custody in any manner provided by law, the mother of the child can not, by an agreement to which the father is not a party, give the child to a third person. *Sloan v. Jones,* 130 Ga. 836 (62 SE 21); *Davis v. Davis,* 212 Ga. 217 (91 SE2d 487).

2. It is a well-settled principle of law that the mere failure of a parent to provide support for a minor child who is in the possession or custody of another person, and no support of the child is requested or needed, is not a failure to provide necessaries, or such abandonment as will amount to a relinquishment of the right of the parent to parental custody and control. *Brown v. Newsome,* 192 Ga. 43 (14 SE2d 470); *Rawdin v. Conner,* 210 Ga. 508, 512 (81 SE2d 461).

3. Where under the principles herein pronounced, the ordinary hearing the habeas corpus case awards to the mother the custody of the children, it is error for the judge of the superior court to reverse the ordinary's judgment.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1961—DECIDED OCTOBER 9, 1961—
REHEARING DENIED OCTOBER 24, 1961.

*Benjamin R. Martin, Jr.,* for plaintiff in error.
*Jack T. Griffith, A. A. Nathan,* contra.

On Motion for Rehearing.

The motion insists that, since the father's right of custody is not denied, the mother's consent to custody by a third party is binding upon her. Without deciding whether the purported relinquishment of custody agreement by the mother was valid, the right of the parents to the custody of their minor children is a joint right. Neither can substitute a third person for himself and thus divide custody between one parent and such third person. Without the consent of both parents a third person can not gain the right of custody. The consent of any one parent is a nullity.

*Motion for rehearing denied. All the Justices concur.*