## 24909. McMILLAN v. McMILLAN et al.

UNDERCOFLER, Justice. Emma Alice McMillan brought an action in the nature of a habeas corpus against her parents, Mr. & Mrs. John McMillan, to obtain custody of her 11-year-old son. The evidence shows: The son was born out of wedlock. Immediately after his birth the petitioner and her son returned to her parents' home where they lived for the next ten months. Petitioner then left her parents' home and since has lived apart from them. When she left their home, she told her mother she would take the child but her mother replied, "No, your father would kill you." She has never agreed for her parents to have custody of her child. Since leaving their home she has asked for and been refused custody. Petitioner has two other illegitimate children aged 4 years and 7 years. She maintains a home and has been gainfully employed by the same business for the last six years earning between $75 and $100 per week. Defendants have reared the child and petitioner's contributions to his support have been meager; however, her father testified he has not asked for any assistance. The court remanded the child to the custody of the defendants and the petitioner appeals. *Held:*

A mother is entitled to possession of her illegitimate child unless the father shall legitimate him as provided by law. *Code* § 74-203. It not appearing from the evidence in this case that the father has legitimated the child, the petitioner as the only recognized parent may exercise all parental control. Such parent cannot be denied custody of the child in a habeas corpus proceeding against third parties unless it is shown that parental power was lost under the provisions of *Code* §§ 74-108, 74-109, 74-110. *Bond v. Norwood,* 195 Ga. 383 (24 SE2d 289). See contra *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (three Justices dissenting). The portions of *Code* § 74-108 applicable to the instant case provide: "This parental power shall be lost by: 1. Voluntary contract, releasing the right to a third person. . . 3. Failure of the father [mother] to provide necessaries for his child, or his abandonment of his family."

The evidence in this case fails to show any voluntary contract by which the petitioner released her right to her son to the defendants. The defendants did not attempt to show any such contract. On the contrary, the evidence shows that the petitioner did not release her right of custody to the defend-

ants but was refused his custody. Nor does the petitioner's failure to provide necessaries for the child in this case result in loss of parental power. ". . . [M]ere failure of a parent to provide support for a minor child when in the possession or custody of the other parent, a grandparent, or other person, when no support is requested or needed, is not such a failure to provide necessaries or such an abandonment as will amount to a relinquishment of the right to parental custody and control." *Rawdin v. Conner*, 210 Ga. 508, 512 (81 SE2d 461); *Coleman v. Way*, 217 Ga. 366 (2) (122 SE2d 104). "Accordingly, in a habeas corpus proceeding between the mother of an illegitimate child and the parents of the mother, where there was no evidence that the mother had lost parental control, it was error for the trial judge to award the custody of the child to the mother's parents." *Skinner v. Skinner*, 204 Ga. 635 (51 SE2d 420).

*Judgment reversed. All the Justices concur. Mobley and Grice, JJ., concur specially.*

SUBMITTED NOVEMBER 12, 1968—DECIDED NOVEMBER 21, 1968.

J. W. McDonald, for appellant.

*George Jordan,* for appellees.

GRICE, Justice, concurring specially. I agree with the judgment, but not with all that is stated in the opinion. I do not agree with the statement that a parent "cannot be denied custody of the child in a habeas corpus proceeding against third parties unless it is shown that parental power was lost under the provisions of *Code* §§ 74-108, 74-109, 74-110." A parent may also lose his parental rights where by clear and satisfactory proof it is shown that he is an unfit person to have custody. See *Perkins v. Courson*, 219 Ga. 611 (135 SE2d 388) (three Justices dissenting), for a comprehensive review of the cases on this subject; and *Peck v. Shierling*, 222 Ga. 60 (148 SE2d 491) (three Justices dissenting).

In the present case it was not shown that the parent had lost her parental power under the above Code section or that she was unfit for custody. Therefore, I concur in the judgment.

I am authorized to state that Mr. Justice Mobley joins in this special concurrence.