## 27776. PETTIFORD v. MOTT.

HAWES, Justice. Edna Pettiford brought a writ of habeas corpus against Mattie Mott, the patermal aunt, to obtain custody of her 13-year-old illegitimate daughter. The record contains no transcript of what happened at the trial. However, there is a transcript of the testimony prepared from the recollection of the attorneys for the parties signed by counsel for both parties and certified to by the trial judge as being "a reasonable summary of the evidence introduced at the hearing before me and that said transcript contained the essential facts upon which this court based its judgment." Petitioner returned to work after said child was born, leaving her daughter during working hours at a nursery. When the child was approximately six months old, the father, Jerry Mott, and Mattie Mott, the defendant herein, picked the child up from the nursery without her permission, later returning the child to her. Thereafter, for a period of five years, she left her child during working hours with the paternal grandmother, Annie Mott. When the child was five years old, she allowed the child to live with Annie Mott, who stated that "she wanted to help out." It further appears in the evidence that the mother told the grandmother, Annie Mott, and the father, Jerry Mott, that she would "never sign any papers for either of them to have the child"; that she had never signed any papers; that the child lived with Annie Mott until

sometime in October, 1971, when Annie Mott died and at which time the mother went to pick up her child; that Mattie Mott, the defendant, asked the mother to let the child stay on with her, and she did until Mattie Mott refused to let her see her child or talk to her child on the telephone. When the mother requested her child, Mattie Mott refused, stating that the child had been given to her when she was six months old. This statement was verified by two witnesses. It was at this point that the mother brought this writ of habeas corpus. The evidence shows that the mother did not contribute to her support, for neither Mattie nor Annie would accept it; that the child was receiving $42 per month from the Veterans Administration as the result of the father's death. The mother had, for a long period of time, given the child $5 per week for spending money. There was no evidence of the mother's unfitness; there was evidence that she was financially able to rear and support the child, having an income of over $600 per month. The court remanded the child to the custody of the defendant and the petitioner appeals. *Held:*

A mother is entitled to possession of her illegitimate child unless the father shall legitimate him as provided by law. Code § 74-203. It not appearing from the evidence in this case that the father has legitimated the child, the petitioner, as the only recognized parent, may exercise all parental control. Such parent cannot be denied custody of the child at a habeas corpus proceeding against third parties unless it is shown that parental power was lost under the provisions of Code §§ 74-108, 74-109 and 74-110, or that the parent is shown to be unfit. (See, in this latter connection, *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388)).Under those Code sections, parental power may be lost, among others, by (1) voluntary contract releasing the the right to a third person, or (2) failure of the father (mother)

to provide necessaries for his child. The evidence in this case fails to show any voluntary contract by which the petitioner released her rights to her child to this defendant. "This court has many times held, under facts similar to those in the instant case, that the mere failure of a parent to provide support for a minor child when in the possession or custody of the other parent, a grandparent, or other person, when no support is requested or needed, is not such a failure to provide necessaries or such an abandonment as will amount to a relinquishment of the right to parental custody and control. See *Hill v. Rivers,* [200 Ga. 354 (37 SE2d 386)]; *Broxton v. Fairfax* [149 Ga. 122, 124 (99 SE 292)]; and *Sloan v. Jones,* 130 Ga. 836 (62 SE 21)." *Rawdin v. Conner,* 210 Ga. 508, 512 (81 SE2d 461).

"It is a well-settled rule that, where it is insisted that the father [mother] has relinquished his [her] right to the custody and control of his [her] minor child to a third person by a voluntary contract, a clear and strong case must be made, and the terms of the contract, to have the effect of depriving him [her] of his [her] control, should be clear, definite, and unambiguous. *Miller v. Wallace,* 76 Ga. 479 (2 ASR 48); *Looney v. Martin,* 123 Ga. 209 (51 SE 304); *Beavers v. Williams,* 199 Ga. 113, 124 (33 SE2d 343)." *Waldrup v. Crane,* 203 Ga. 388, 390 (46 SE2d 919). The defendant herself testified, as did two witnesses, only in the most general language, that petitioner "would give her the child." This may merely be a conclusion of the defendant. There should be, to authorize a habeas corpus court to find that there was a gift, some evidence of the terms of the contract by which it was claimed that this mother relinquished her authority and parental control over her daughter. There is no evidence to show that she agreed to relinquish that control during the years of the child's minority. Cp. *Broxton v. Fairfax,* 149 Ga. 122, 124, supra, where the facts are identical to the facts of the

instant case. See, also, *Waldrup v. Crane,* 203 Ga. 388, supra; *Skinner v. Skinner,* 204 Ga. 635 (51 SE2d 420); *McMillan v. McMillan,* 224 Ga. 790 (164 SE2d 839). There is positive evidence, as shown above, that the mother told Annie Mott and Jerry Mott that she would "never sign any papers for either of them to have the child." From this statement, it is clear that she never intended to enter into a definite contract.

It is well settled in our law in the cases cited above that in a habeas corpus proceeding between the mother of an illegitimate child and a third person, where there is no evidence that the mother has lost parental control, it is error for the trial judge to award custody of a child to a third party (in this instance, to the aunt).

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED MARCH 12, 1973 — DECIDED JUNE 21, 1973.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellant.

*Hutchinson & Pittman, Hilton S. Hutchinson, Jr.,* for appellee.

JORDAN, Justice, dissenting. The only question involved in this case is whether or not the mother lost her parental power by a voluntary contract as provided for in Code § 74-108 (1). Such a contract need not be in writing and is not revocable except for sufficient legal reasons. *Bently v. Terry,* 59 Ga. 555 (27 AR 399); *Bailey v. Holmes,* 163 Ga. 272 (136 SE 60). In this case there was ample evidence of a voluntary parol relinquishment of parental power and no legal reasons were shown sufficient to show revocation. Evidence of such a contract is shown by the positive testimony of the appellee, supported by that of a nonrelated witness, together with that of another witness who testified that appellant told her of the gift of the child to the appellee herein. There is evidence that the mother did not contribute to the child's support for the 14 1/2 year period that the child was in the custody and care

of the appellee and that the child was supported exclusively by the appellee, with the help of a $42 per month veteran's benefit which was applied for and paid to the appellee by the Veterans Administration.

After hearing all the evidence, the trial court concluded that the mother "did give the said Margaret Pettiford to the defendant to be the defendant's own child in 1959."

So far as the record shows the mother never denied the existence of a voluntary parol contract as set forth above. She merely testified that she would "never sign any papers for them" to have the child. We are not here dealing with an adoption proceeding in which a *written* consent is required but a habeas corpus proceeding concerned only with the custody of the child. In such proceeding the paramount consideration is the welfare of the child, who for 14 years of her 14 1/2 year life has known only one mother, her paternal aunt, who has lovingly cared for and supported her.

Where a habeas corpus court has considered all the circumstances of a case and expressly exercised its broad discretion, such award of custody should not be disturbed unless there appears a manifest abuse of discretion. For a similar factual situation see *Bougus v. Smith,* 219 Ga. 493 (133 SE2d 13), where a voluntary contract was upheld though the gift was made only 4 months prior to suit. In this case the appellant let the gift stand for some 5,290 long days and nights while someone else was loving and caring for her child.

The judgment of the trial court was overwhelmingly supported by the evidence. The question is not what the judgment of any member of this court might have been had he been the trial judge. We can only look to the record to see if there has been a manifest abuse of the trial court's discretion. I see not one iota of such abuse.

I would affirm.