### 19515. GAY v. GAY.

ARGUED NOVEMBER 15, 1956—DECIDED JANUARY 14, 1957.

*Marvin O'Neal, Jr.,* for plaintiff in error.

*Bertram S. Boley, Paul Webb, Jr.,* contra.

MOBLEY, Justice. Charles B. Gay brought a petition for divorce against Pauline Harrison Gay, alleging that, in a previous divorce action filed by him, a jury awarded custody of their three minor children to Pauline Gay and $215 per month permanent alimony for herself and the children; that on May 21, 1951, a judgment was entered pursuant thereto, denying him a divorce; that, since the rendition of the verdict and judgment in 1951, the defendant has been guilty of specified acts of cruel treatment which have seriously affected his health and his ability to do his work. He prayed for a divorce from the defendant. The defendant filed a general demurrer on the ground that no cause of action was stated, and filed various special demurrers to the allegations of the petition. These demurrers were overruled upon each and every ground. A jury returned a verdict granting the plaintiff a divorce and granting each party the right to remarry. The defendant filed a motion to modify the verdict and judgment and a motion for new trial, which motions were denied. To these judgments she excepts.

1. Counsel for both parties, in arguing the general demurrer to the petition, confine their argument to the questions whether a parent's right of visitation with his children is destroyed by a decree awarding their custody to the other parent and not providing for visitation; and, if it is not so destroyed, whether the denial of the right of visitation constitutes cruel treatment which authorizes a divorce to the parent who is denied the right to visit his children. In our opinion, these questions are not raised by the petition in this case. The petition alleges that the defendant has refused to let the children visit the plaintiff in his home, but it is not alleged that he was not permitted to visit them at other places. It is alleged that, "in the summer of 1952," while the plaintiff was in Atlanta on duty with the Army Reserve Corps, he went to the defendant's home to visit his children and the defendant would not allow him in her home, but required him to visit the children in his automobile or in a public park; that, at this same time, the "defendant refused to allow him to see the children over the weekend." It is not alleged that the defendant refused to let him see and visit his children at all times and

places. As far as the petition shows, during the more than three years since the decree of 1951 and the filing of this action, the plaintiff has made an effort to visit his children only one time, and was permitted to visit them then. It is nowhere alleged that the right to visit them was denied him. The allegations of the petition do not show that the plaintiff has been denied the right to visit his children.

But aside from the allegations of the petition dealt with above, there are other allegations which state a cause of action for divorce, and it was not error to overrule the general demurrer to the petition.

2. Special demurrers numbered 2, 3, 7, and 8 have been carefully examined and are without merit.

3. In paragraph 7 of his petition, the plaintiff alleged that he had made the alimony payments required of him by the decree of 1951, and that he desired to continue said payments or whatever payments decreed by the court to be reasonable and proper. This paragraph was subject to the special demurrers of the defendant to the effect that the decree of 1951 was irrelevant and immaterial, in that the decree was a final judgment and binding upon the plaintiff. It was error to overrule special demurrers 4, 5, and 6.

4. The defendant demurred to paragraph 9(c) of the petition, which alleges that "Defendant has bragged and taunted plaintiff that, by the alimony decree of March 21, 1951, she has him just where she wants him; that he has to support defendant and the children, but that they do not have to live with him," on the ground that the facts there stated merely recite the effect of a valid decree of a court of competent jurisdiction. But it is alleged that the defendant bragged and taunted the plaintiff with these facts, and bragged that she had him where she wanted him, etc. It is the defendant's actions which are complained of and not the effect of the judgment; and taking the allegations to be true, the conclusion follows that the defendant's actions indicate a desire and an attempt to cruelly wound the plaintiff's feelings. *Morris* v. *Morris,* 202 *Ga.* 431 (43 S. E. 2d 639) ; *Cohen* v. *Cohen,* 194 *Ga.* 573 (22 S. E. 2d 132). This ground of demurrer is without merit.

5. Paragraph 9(d) of the petition alleges that the defendant

has attempted to destroy the love of his children for the plaintiff by telling them that he is living with other women. The demurrer is on the ground that it is not alleged that the plaintiff is not living with other women, and seeks to have these words stricken from the petition. If in fact the plaintiff is living with other women, it would not be cruel treatment for the defendant to inform the children of the truth in this matter. It was error to overrule ground 10 of the special demurrers.

6. Subparagraphs 9(e), 9(f), and 9(g) are subject to the demurrers filed thereto, that they do not allege any facts which constitute grounds for divorce. Subparagraph 9(e) alleges that the defendant has refused to allow the children to visit the plaintiff in his home for a short period of time in the summer and at Christmas time. Exclusive custody of the children having been awarded to the defendant, the plaintiff would not be entitled to their custody, even for short periods of time, in the absence of a change in conditions and circumstances materially affecting their interest and welfare occurring since the decree awarding their custody to the defendant. Subparagraph 9(f), alleging that, in the summer of 1952, the defendant would not allow the plaintiff in her home and required him to visit the children in his car or in a park, shows conclusively that the right to visit his children was not denied to the plaintiff on this occasion. As to subparagraph 9(g), which alleges that the defendant refused to let the plaintiff see the children over the weekend in 1952, whether or not the plaintiff was entitled to visit his children at reasonable times and places—an allegation that he was not allowed to see them on one particular occasion would not be sufficient to show that he was not permitted to see them at all. See, in this connection, *Davis v. Davis*, 212 *Ga.* 217, 220(3) (91 S. E. 2d 487). It was error to overrule special demurrers 11, 12, 13, 14, and 15.

7. The motion to modify the verdict and judgment excepts to a charge of the court, which was to the effect that the award of custody of the children to the defendant did not deprive the plaintiff of the right to visit his children at reasonable times and places, and that, if the defendant wilfully prevented the plaintiff from visiting them with the intention of tormenting or vexing him, then the jury would be authorized to consider such conduct in determining whether the defendant had been guilty of cruel

treatment. As pointed out above, the allegations of the petition do not show that the plaintiff was denied the right to visit his children at reasonable times and places. Neither does the evidence show that the plaintiff was denied the right to do so. The plaintiff's own testimony shows that he visited the children during the summer of 1952 following the decree of 1951, took them to dinner and to a movie on two occasions; that in 1953, though she would not allow him in her home, the defendant told him that he could visit the children in a park and that she would meet him there. The defendant testified that she never kept him from visiting the children and never told him that he did not have the right to see them, and this evidence was uncontradicted. The portions of the charge excepted to in grounds 9(a), (b), and (c) were not authorized by the pleadings or the evidence, and it was error to give them in charge to the jury.

8. The portion of the court's charge excepted to in subparagraph 9(e) of the motion to modify was not erroneous for any of the reasons assigned.

9. The evidence was sufficient to support the verdict finding a divorce in favor of the plaintiff.

*Judgment reversed. All the Justices concur.*