## RICHARDS *v.* McHAN *et al.*

1. Prima facie the right of custody of an infant is in the father; and when it is insisted that the father has relinquished this right by contract, the terms of the contract, to have this effect, should be definite and certain, and the proof to establish the contract should be clear and satisfactory. Under this rule, the evidence in this case was not sufficient to authorize a finding that the father had relinquished by contract his right of custody of the infant,· concerning the possession of which this controversy is waged.

2. Upon the issue as to the fitness or unfitness of the father for the custody, control, and care of the infant, the evidence was such as to allow the exercise of its discretionary power by the court below, and this court will not disturb its judgment, no abuse of discretion being made to . appear.

Argued April 16,—Decided August 14, 1907.

Habeas corpus.    Before Judge Pendleton.    Fulton superior court.    February 26, 1907.

Richards filed his petition for habeas corpus, to obtain the custody and possession of an infant son.    The defendants were the maternal grandparents of the child, the mother being dead.    The petition alleges, that the plaintiff is the father of the child, and that "petitioner has not parted with said child willingly, nor relinquished nor given up nor forfeited his right to said child by any reason known to the law, or by any other mode."    Mr. McHan, the grandfather of the child, filed a general denial to the plaintiff's petition.    Mrs. McHan, in addition to her denial of the facts alleged in the petition, further averred, "that the child referred to . . is an infant sixteen months old; that said child and its care and custody was given to this defendant under a solemn agreement which plaintiff made with her at the deathbed of her daughter (mother of the child) then dying, by which plaintiff relinquished entirely any and all rights to the custody and control or care of said child in any way, and placed the same under the entire care, dominion, control, and custody of this defendant as long as she lives, and said agreement has been carried out from that day to this."    This defendant also averred that the plaintiff is not a fit person to be entrusted with the care and custody of said infant, because of his drunkenness and immorality, and that respondent is able and willing to take charge of the child, and her circumstances and environments make her a fit person to have the care and custody of such infant.

The evidence for the respondents tended to show that at the time of making the alleged contract, while the mother of the child was in a dying condition, she said to her father, one of the respondents, "I give you little Mack. I want you to have him. Pa will stand back of little Mack." To her mother, the other respondent, she said, "Mamma, I give you my baby [the child in question]. I want you to have it." Or to her father: "Pa, you must have little Mack. You must stand back of him." And to her mother: "Mamma, take my baby and raise it the best you can; I am going to leave it." To her husband, the plaintiff, she said, "John, don't you never take my baby away from my mother while she lives." To which her husband replied, "Aurora, I know your wishes, and they shall be carried out." There is no evidence of any reply by the respondents, or of any conversation between plaintiff and respondents at that or any other time, whereby the former agreed to relinquish his paternal rights upon the death of the child's mother, the respondents assumed control of the infant, then only eleven days old, and have been in possession of him ever since.

. The evidence introduced by the respondents upon the other issue was very voluminous, and in parts in conflict with that introduced by the plaintiff. The court awarded the child to the grandmother, one of the respondents. The plaintiff excepted.

*Chambers & Smith, Walter R. Daley,* and *Peeples & Jordan,* for plaintiff. *Smith, Hammond & Smith, F. C. Tate,* and *John W. Henley,* for defendants.

BECK, J. (After stating the facts.)

1. We agree with counsel for the plaintiff in error that the evidence entirely fails to show any contract upon the part of the plaintiff for the surrender or relinquishment of his right to the care and custody of the infant, for the possession of which the habeas-corpus proceedings were instituted. Where such a contract is claimed and relied on, a clear and strong case must be made, and the terms of the contract must be definite and certain. *Looney* v. *Martin,* 123 *Ga.* 209 (51 S. E. 304). Tested by this rule, the contract relied on was not established by the evidence; and when all that was said and done, which is here insisted upon as constituting the alleged contract, is considered, we find all the essentials of a valid binding contract to be wanting.

2. But the conclusion readily reached that the evidence in the case did not authorize the court to award the child to the respondent upon the ground of an established contract between the plaintiff and the grandparents or either of them, we have still to consider whether the evidence as to the unfitness of the plaintiff was such as to authorize the judgment complained of; and if it was, we will assume of course that the judgment was based upon that, and not upon the untenable ground that the contract was established. In awarding the child to the respondent, and in refusing to order him delivered into the custody of his father, the judge was in the exercise of a very wide discretion with which he is vested by law. It is not an unlimited discretion, and a transgression of those limits would amount to an abuse of discretion which a reviewing court would correct; but before this court would be authorized to interfere with the decision of the lower court in the exercise of its discretion, it must appear that in the exercise thereof there was a patent and flagrant abuse of the discretionary power.

Prima facie the right of control and custody of a child until majority remains in the father. Civil Code, §2502. And in order to divest him of this right upon the ground of unfitness for the trust, proof brought to show the alleged unfitness should be clear and convincing. "'A clear and strong case' must be made to sustain an objection to the father's right. Commonwealth v. Briggs, 16 Pickering, 205. This was determined in a contest on habeas corpus between the mother and father who had separated. The discretion to be exercised by the courts in such contests is not arbitrary. The rights of the father on the one hand, and the permanent interest and welfare of the infant on the other, are both to be regarded, but the right of the father is paramount, and should not be disregarded except for grave cause. The breaking of the tie that binds them to each other can never be justified without the most solid and substantial reasons, established by plain proof. In any form of proceeding, the sundering of such ties should always be approached by courts 'with great caution and with a deep sense of responsibility.'" *Miller* v. *Wallace, 76 Ga.* 479 (2 Am. St. R. 48). And elsewhere in the opinion the learned Justice discusses, defines, and points out the limitations of the rules of discretion as applicable to habeas-corpus cases. That opinion we commend as containing sound and wholesome

doctrine for application when in habeas-corpus proceedings courts are asked to break the tie that binds a father to his child, and to place one man's offspring in the care and custody of another. But after all due weight is given to what is said in that case and the authorities cited, as to the limitations upon the discretionary power of the judge in habeas-corpus proceedings, the fact still remains that his discretion is wide and the limits within which its free exercise is allowed are broad. And the mere fact that a reviewing court, upon the consideration of the evidence in the record, might feel that a preponderance, even a great preponderance, of the evidence was in favor of the party to whom the judgment in the habeas-corpus court was adverse, would not authorize the former court for that reason to disturb the judgment rendered, inasmuch as the latter, and not the former, is the tribunal clothed with discretionary power. In a case like the one at bar, we have to decide whether the evidence was such in its range, or because of conflicts therein, as to allow an exercise of discretion. An affirmative answer to that question requires that the judgment be affirmed.

It is unnecessary, as it would not be helpful to any one, to set forth, even in the most compact form, a statement of the facts in the case. It is enough to say that there were many facts testified to by witnesses, which, taken collectively and considered together with all the deductions that might be legitimately drawn therefrom, compel the conclusion that the court below can not be held to have clearly transgressed the limits of his discretionary power, with the exercise of which he is charged by the law, in finding that the custody of his infant son should be denied to this applicant. It might be well urged by the plaintiff in error, that, even if the evidence authorized the conclusion that the plaintiff's conduct was on a former occasion such as to indicate his unfitness to have the custody and care of his son, there is the testimony of many witnesses to show that for several months prior to the institution of these proceedings he had lived an exemplary life and that his conduct had been above reproach. But however strongly this might appeal to us if we were the trial court, we must still recognize the fact that all of this was addressed to the sound discretion of another tribunal, which, under evidence that authorized it, having found that the plaintiff by his conduct had divested himself

of the character of one fit to have the control of the child, was not bound to find that he had been rehabilitated·by evidence of good conduct during the period intervening between the time of the commission of those acts relied on to show his unfitness and the time of the trial which resulted in the judgment complained of.

In holding that the judge did not abuse his discretion, it is not to be understood that we adjudicate that the father has forfeited for all time his right to the custody and control of his child. If in the future it should appear that the good conduct of the father, which had only continued a limited time when the trial took place, has continued for such a length of time that it would be reasonable to assume that the errors of the past would not probably again occur, or if there is any other change in the circumstances which shows with reasonable certainty that the welfare of the child will be safeguarded under the father's custody, the judgment now rendered will not prevent the father from making an application for the custody of the child.

It was strongly urged in argument before us that "in every case, regardless of the character of the parties, the welfare of the child is the controlling and important fact." Having placed our decision, affirming the judgment, upon the ground that no abuse of discretion by the court below is shown, we think it unnecessary to discuss the doctrine just stated. We are content with saying that the doctrine as stated above requires important qualifications before becoming acceptable. Certainly where the father is one of the parties to such a case, before the principle just stated becomes active, the father's prima facie right to the possession and control of the child should be shown to have been forfeited or at least very radically impaired.

*Judgment affirmed. All the Justices concur.*