OETTER *v.* OETTER.

FISH, C. J. 1. A decree in a divorce suit, awarding the custody of a minor child of the marriage to the mother until he shall attain the age of ten years, when the custody shall be given to the father, is prima facie evidence of the respective rights of the parties to the child's custody as decreed; but it is not conclusive on habeas corpus brought by the father against the mother for the custody after the child arrives at the age of ten years, where the circumstances and conditions of the parents, or either of them, arising since the rendition of the decree make it to the best interest and welfare of the child that the decree be modified in respect to such custody. *Milner* v. *Gatlin,* 143 *Ga.* 816 (4), 820 (85 S. E. 1045, L. R. A. 1916B, 977).

2. When it appeared on the hearing of such habeas-corpus case that since the decree was rendered the father had married another woman by whom he had a child then living, and resided with them in a city other than that where the first wife was domiciled and where the divorce decree was rendered; and when there was evidence as to the good character of the mother of the child whose custody was in issue, of their mutual affection, and of the ability and desire of the mother to properly care for and rear the child, it was not an abuse of the legal discretion of the judge trying the issue, in view of all the evidence submitted, after awarding the child to the custody of the father, to further order that the " child be sent to visit its mother for one week during the Christmas holidays and two weeks during the summer vacation."

3. Whilst it may not have been necessary, it was not error to include in the judgment the following: " This court reserves the right in this case, if the child is not properly treated and cared for, to exercise jurisdiction to further consider and order the custody of said child." In the brief for the plaintiff (the father) it is sought to raise the point that jurisdiction over him could not be retained, because he resided in another circuit. Even if there could be merit in the point, he having submitted himself to the court's jurisdiction by instituting the habeas-corpus proceeding, no such question was made in any assignment of error.

4. Nor was it error to refuse to strike the answer of the mother, nor to refuse to exclude evidence of her good character tending to sustain the answer.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1798.   APRIL 15, 1920.

Habeas corpus.  Before Judge Pendleton.  Fulton superior court. October 20, 1919.

*Moore & Pomeroy,* for plaintiff.

*Branch & Howard, Otey McClelland,* and *Bond Almand,* for defendant.