## SCOTT v. SCOTT.

1. Where in an action for divorce brought by the wife a total divorce is granted and alimony and a stated sum for the support of the child are awarded, and a decree is rendered awarding the custody of the minor child, a daughter, to the plaintiff, it is not an abuse of the discretion with which the court is vested under section 2971 of the Civil Code, relating to the custody of children, for the court to provide for visits by the child to its paternal grandparents.

2. Where following the provisions in the decree for the payment of alimony, and for the visits of the child to its grandparents, the court added, " The provision herein made shall continue during the period provided for payments by the defendant for said child and as much longer as he shall regularly contribute to the support of such child, unless otherwise ordered by the court on a showing for cause," the last clause, " unless otherwise ordered," etc., did not have the effect of nullifying the decree or rendering it illegal, nor was it an abuse of discretion, nor did it have the effect of depriving the decree of its character of finality.

No. 3176. DECEMBER 15, 1922.

Divorce; custody of child. Before Judge Blair. Milton superior court. March 8, 1922.

*G. F. Gober,* for plaintiff. *J. P. Brooke,* for defendant.

BECK, P. J. The plaintiff in error brought libel for divorce against the defendant in error; and after a second verdict in favor of petitioner, granting her a total divorce and awarding a stated amount of alimony, a decree was entered in due course based upon the verdict. In the decree based upon the verdict rendered by the jury, and in pursuance of the authority vested in the court under the provisions of section 2971 of the Civil Code, and the exercise of the discretion with which that section clothes the court, the court awarded the custody of the minor child, a female, to the petitioner in the suit for divorce, but provided in the decree that the father and the paternal grandparents should be entitled to have the child visit them twice a month, and specified the length

of the visits, — one visit to be for ten hours and the other for thirty hours, and they should also be entitled to two visits of one week each per year, to be arranged " so as not to interfere with the schooling of the child, and in different parts of the year." And it was also provided in the decree that " the father or grandparent will in each instance call for the child and safely return her within the time limits of such visits to her mother. If for any reason any visit can not be made as requested, the same shall be made as soon as it reasonably can be made. The provisions herein made shall continue during the period providing for payments by the defendant for said child, and as much longer as he shall regularly contribute to the support of the child, unless otherwise ordered by the court on showing for cause made." This decree is excepted to on the ground that it " undertakes to nullify and retain said case in court and to qualify a final determination of the same by adding at the end thereof as follows: " unless otherwise ordered by the court on showing made." This last-quoted provision in the decree does not have the effect of nullifying the decree, when it is considered in the connection in which it is used. It immediately follows the provision made for the visits of the child to its grandparents under the conduct of the father or grandparent, and the court then decreed that the provisions therein made (evidently referring to the provisions for the visits) should continue during the period provided for payments by the defendant for the support of the child, and as much longer as he should regularly contribute to the support of the child, unless otherwise ordered by the court on showing for cause made. And the last clause of the decree gave the court a right it might possibly have had without such express provision, of discontinuing the privilege of having the visits made in the event it should be seen they were not for the best interest of the child or were unreasonably annoying to the mother, or for some other good cause.

Nor are the provisions for the visits of the child to the grandparents unreasonable, arbitrary, or an abuse of the discretion of the court, even though the grandparents were not parties to the case in the court below and had not undertaken to do anything towards the support of the child. Such an exercise of the discretion is, we think, proper and allowable under the provisions of section 2971 of the Civil Code, relating to the custody of

children. "Where the custody is awarded to one parent, it is usual and proper to permit the other parent to have reasonable access to the child. It is very difficult to lay down specific rules upon this subject which will be just and adequate under the varying circumstances that must arise. It should be sufficient to say that the rights and privileges to each parent should be exercised with good judgment and discretion, with mutual forbearance, and with proper regard to the rights of each other and to the welfare of the child. The court may in a proper case forbid access by one spouse to the child whose custody is awarded to the other, or limit the right to visit the child to a particular time and place; but mere past delinquency of a parent is not a ground for withholding enjoyment of the right." 9 R. C. L., § 288.

*Judgment affirmed. All the Justices concur.*