## 32503. LEFTWICH *v.* COOK.

DECIDED JULY 11, 1949.

*Alton T. Milam,* for plaintiff in error.

*Swift Tyler, Marvin O'Neal Jr.,* contra.

GARDNER, J. The question here is, did the judge of the superior court err in reversing the judgment of the juvenile court? Since we have gone into the procedure substantially, but nevertheless briefly, in view of this lengthy record, we think the law of the case under the record may be discussed in two divisions, as follows: (a) Counsel for the father contends that under this record the superior court erred in that portion of the judgment wherein the judgment of the juvenile court is reversed because the juvenile court went into evidence prior to the award of the custody of the child at the time the divorce between the father and the mother was granted. The attorney for the father advances the argument that there never was a permanent award of the custody of the child in the meaning of the law, but that all of the orders pertaining to the award of the custody of the child before the matter was referred to the juvenile court were merely temporary orders and not permanent orders. And that the juvenile court had the right to go into and investigate the conduct and conditions of the parents prior to the order of February 21, 1947. There is no dispute as between counsel that a child is the ward of the State and that in the trial of an issue involving the award of the custody of the child the interest of the child is paramount. The Supreme Court in the case of *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (6-a) (16 S. E. 2d, 24), said: "An award of custody made in a divorce decree, is conclusive unless there has been a subsequent change of circumstances, materially affecting the child's welfare." Also, in *Fuller* v. *Fuller,* 197 *Ga.* 719 (30 S. E. 2d, 600), the Supreme Court held that in a final decree in a divorce suit, the awarding of the custody of the minor children to one or the other of the parents is conclusive unless a change of circumstances affecting the welfare of the children is shown. Such a similar provision as is contained in the order of February 21, 1947, in the instant case, "unless otherwise ordered" does not have the effect of nullifying the decree nor does it have the effect of depriving the decree

of "its character of finality." *Scott* v. *Scott,* 154 *Ga.* 659 (115 S. E. 2). See also, in this connection, the case of *Fortson* v. *Fortson,* 195 *Ga.* 750 (25 S. E. 2d, 518), wherein the Supreme Court held: "While the original decree as to custody was based upon an agreement between the parties, it was nonetheless a judgment of the court, having the usual attribute of conclusiveness. . . In this case, permanent custody was awarded to the mother, subject to the right of the father to visit the children, and to have temporary custody at reasonable times, with the further right to apply to the court in case of violation of either of these privileges, or if reasonable grounds for complaint should arise 'with reference to the health, well-being or education of the children.' Such were the terms of the decree, and subject to these conditions, it was conclusive." The whole decision in *Fortson* v. *Fortson,* supra, appears to be applicable almost throughout. The Supreme Court also held in *Milner* v. *Gatlin,* 143 *Ga.* 816 (4) (85 S. E. 1045, L. R. A. 1916B, 977): "A decree in a divorce suit awarding a child of the marriage to one of the parties is prima facie evidence of the legal right to its custody, but is not conclusive in habeas corpus proceedings, where the circumstances and conditions pertaining to the fitness of the parent, arising since the date of the decree, are involved. If, since the decree, the circumstances have changed, a habeas corpus court may award the custody to the other parent, or to a stranger, if the welfare of the child demands it." See also, in this connection, and to the same legal effect, *Sessions* v. *Oliver,* 204 *Ga.* 425 (50 S. E. 2d, 54). On the point now under consideration, a very interesting and lucid decision will be found in *Shields* v. *Bodenhamer,* 180 *Ga.* 123, 124 (178 S. E. 294). While it is true that, in a proceeding before a tribunal concerning the awarding of the custody of a child, the court has a discretion, the discretion vested in the tribunal is not arbitrary or unlimited but it is a discretion guided and governed by law. *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48). See also *Wilson* v. *Maryland Casualty Co.,* 71 *Ga. App.* 184 (30 S. E. 2d, 420); *Sherrill* v. *Sherrill,* 202 *Ga.* 288 (3) (42 S. E. 2d, 921). We find an interesting comment in the case of *Lucas* v. *Smith,* 201 *Ga.* 834, 837 (41 S. E. 2d, 527), to this effect: "The rules of law applicable here appear to have been summed up in *Williams* v. *Crosby,* 118 *Ga.* 298 (45 S. E.

282), where this court said: ·'In a contest between two parties both of whom are fit and proper persons, the one having the legal right should prevail. If both are proper parties, but neither has a legal right, the one having the strongest moral claim ·should prevail. But, in every case, regardless of the parties, the welfare of the child is the controlling and important fact. This is not intended to nullify the laws of nature; for in most instances it will be found that the legal right of the parent and the interest of the child are the same. But, if through misconduct or other circumstances it appears that the case is exceptional and that the welfare of the child requires that it should be separated, even from its parent, the parents patriæ must protect the helpless and the innocent.' " Under the record in this case and by virtue of the authorities cited (and there are others) the judge of the juvenile court exceeded his authority in going behind the decree of February 21, 1947. The record throughout shows that his conduct was arbitrary in this regard and unlawful. It therefore follows that the judge of the superior court did not err in remanding the case to the juvenile court for further investigation and conclusion under the law applicable to such proceedings.

(b)   It will be noted in the judgment of the superior court in remanding the case to the juvenile court for further consideration the court said:   "The court is of the opinion that the judgment of the juvenile court restricting the mother to visit the child 'at such times as is convenient to the father at the father's home' does not follow the prayers of the petition and leaves the right of the mother to visit her child at the whim of the father." This is but an expression.on the part of the judge of the superior court that the juvenile court abused its discretion in restricting and limiting the right of the mother to visit her child. We agree with the judge of the superior court.   We are not altogether without precedent in this State and sound thinking and reasoning on this question.   In the case of *Scott* v. *Scott,* 154 *Ga.* 659, 661 (115 S. E. 2), the Supreme Court said:   "Where the custody is awarded to one parent it is usual and proper to permit the other parent to have reasonable access to the child.   It is very difficult to lay down specific rules upon this subject which will be just and adequate under the varying circumstances that

must arise. It should be sufficient to say that the rights and privileges to each parent should be exercised with good judgment and discretion, with mutual forbearance, and with proper regard to the rights of each other and to the welfare of the child. The court may in a proper case forbid access by one spouse to the child whose custody is awarded to the other, or limit the right to visit the child to a particular time and place; but mere past delinquency of a parent is not a ground for withholding enjoyment of the right." We think that the juvenile court in holding that the right of the mother to visit the child, by restricting the visits to "such times as is convenient to the father at the father's home," withheld from the mother the right to see her child except at the "whim" of the father. There is nothing in this record that should justify such a restriction. We have no difficulty, in this phase of the case, in reaching the conclusion that the judge of the juvenile court abused his discretion in this regard, and the judge of the superior court on certiorari was justified in so holding.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*