SMART *v.* GATES.

5-2705 355 S. W. 2d 184

Opinion delivered March 19, 1962.

*O. H. Hargraves,* for appellant.

*Knox Kinney* and *Mehaffy, Smith & Williams,* by *James E. Westbrook,* for appellee.

PAUL WARD, Associate Justice. This appeal challenges the validity of Sewer Improvement District No. 1 of Forrest City, Arkansas on the ground that said district embraces lands lying within and outside of the City limits.

Appellants, who are resident property owners of the City, filed a complaint, as a class action, in chancery court against appellees who are the duly appointed Commissioners of said Improvement District. The complaint alleges the said ''District is invalid because a small portion of the District . . . extends beyond the corporate limits of the City . . .'' The prayer was that the District be declared invalid and that the Commissioners be restrained from proceeding any further. The Commissioners filed a general demurrer which was sustained by the trial court, and this appeal follows.

For a reversal, appellants urge two points, viz.: One, the statutes do not authorize the formation of such District; Two, the Legislature has no constitutional power to authorize a municipal corporation to tax lands lying beyond its corporate limits.

*One.* We do not agree with appellants' contention that there is no statutory authority for Forrest City to form this Improvement District merely because it embraces land within and outside of the corporate limits. The first paragraph of Ark. Stats., § 20-102 reads as follows:

"Application of preceding section—Formation of districts outside cities authorized—Additional powers. Provided, further, that these provisions [of the preceding section] shall extend to any improvement district now or hereafter formed or created; and the formation and creation of such districts is hereby specifically authorized in whole or in part outside of any city of the first or second class, or incorporated town. . . ."

The second paragraph of said section has no bearing on this case.

Appellants' contention appears to be that the words "any improvement district", emphasized in the portion of the section copied above, do not apply to sewer districts. One reason given by appellants is the wording in the emergency clause of Act 310 of 1941 which mentions the necessity of improving grade crossings. It is true that said § 20-102 is a part of said Act 310, but it is also true that said Act deals with several items besides sewers, such as streets, viaducts, underpasses and grade crossings. We can see no significance to the fact that the emergency clause mentioned one item and did not mention other items. We know of no requirement that the emergency clause in any act of the legislature shall contain more than one adequate ground for justification. The fact that one item in an act creates the emergency is no indication that other items in the act are invalid or have been deleted.

Appellants contend also that a study of the **history** of said § 20-102 will show it does not refer to sewer improvement districts. We have made that study and we find it reveals just the opposite of appellants' contention. Act 84 of 1881 provides that cities of the *first class* may *assess* real property in a district to construct sewers.

This Act was amended by Act 18 of 1889 but only to include cities of the *first* and *second* class. Act 68 of 1927 extended the right to *incorporated towns.* Likewise Act 64 of 1929 provided for sewer construction. The first time the legislature specifically authorized a district to contain lands outside the city limits was by Act 22 of the 1938 Extraordinary Session. This Act forms the first portion of § 20-101 and it again provided for the construction of sewers. Section 1-A of Act 22 is exactly the same as § 20-102. Then Act 310 of 1941 reenacted that portion of Act 22 mentioned above, and in addition it contains the language found in the last portion of § 20-101. From this history there can be no possible doubt that the legislature, since 1881, has meant to give cities the right to form improvement districts in order to construct sewers, and that since 1938 such districts may include lands outside the city limits.

This Court has had occasion to pass upon the above issue, and has each time resolved it against appellants. See: *Butler* v. *Board of Directors of Fourche Drainage District,* 99 Ark. 100, 137 S. W. 251; *Cox* v. *Road Improvement District No. 8 of Lonoke County,* 118 Ark. 119, 176 S. W. 676; *Bennett* v. *Johnson,* 130 Ark. 507, 197 S. W. 1148.

*Two.* We see no merit in appellants' contention that ''The legislature cannot authorize a municipal corporation to tax lands lying beyond its corporate limits'', even if this question had been raised in the pleadings. The word ''tax'' in this connection refers, of course, to assessment of benefits on lands lying in the improvement district. As such ''tax'' it was approved in all the cases heretofore cited, and many others could be cited to the same effect. The legislature is invested with all power not prohibited by the constitution. The only limitation found in the constitution is Article 19, Section 27, which is that the assessments must be ad valorem and uniform and with the consent of a majority in value of the affected property holders. It is not contended by appel-

lants that any such limitations have been violated in this case.

It follows therefore that the decree of the trial court must be, and it is hereby, affirmed.