25070, 25089. JACKSON et al. v. MARTIN; and vice versa.

ARGUED FEBRUARY 10, 1969—DECIDED MARCH 4, 1969.

*Leon Boling, Wilbur A. Orr,* for appellants.

*Garland B. Cook, Davis & Stringer, Thomas O. Davis,* for appellee.

PER CURIAM. This appeal and cross appeal arise from a habeas corpus proceeding involving custody of a child. The father, Andrew Webster Martin, filed the action in the Superior Court of Forsyth County against the deceased mother's parents, Mr. and Mrs. Carl L. Jackson.

The father alleged in essence that the mother was awarded custody of the child in their divorce action, that since her death he has the prima facie right of custody, but that the grandparents refuse to deliver the child to him.

The grandparents asserted that subsequent to the mother's death they and the father entered into an agreement whereby he surrendered parental control of the child to them.

The trial court, by order of November 15, 1968, found against the grandparents' contention, ordered that the grandparents deliver the child to the father, and granted the grandparents specified weekend and summer visitation privileges. A notice of appeal from this judgment was filed by the grandparents on January 9, 1969, an extension of time having been granted. On January 13, 1969, the trial court issued a supplemental order whereby "the writ of habeas corpus as set forth in the order of November 15, 1968," was stayed until the end of the school term in June 1969, the visitation privileges were broadened, and provisions were specified for picking up and returning the child for such visits. Thereafter, the father filed a cross appeal from the November 15, 1968, order and from the supplemental order of January 13, 1969.

■ The rule is that ". . . when it is insisted that the father has relinquished [his parental rights] by contract, the terms of the contract, to have this effect, should be definite and certain, and the proof to establish the contract should be clear and satisfactory." *Richards v. McHan*, 129 Ga. 275 (1) (58 SE 839). See also, *Looney v. Martin*, 123 Ga. 209 (51 SE 304) (one Justice absent). Here, the evidence was in conflict as to whether there was an agreement for the father to surrender his parental rights to the grandparents, and as to the terms of any such agreement. Therefore, the trial court was authorized to find that the father had not surrendered parental control of his child to the grandparents. For this reason, the main appeal is without merit.

■ Two issues are raised in the cross appeal.

(a) The first is whether the trial court was authorized to award visitation privileges to the grandparents where it found that the father had not surrendered parental control of the child to them and that he is entitled to its custody. This issue must be resolved against the grandparents. "On the death of the parent who holds custody of a child under a divorce decree, the prima facie right to the custody automatically inures to the surviving parent." *Brown v. Newsome*, 192 Ga. 43 (1) (14 SE2d

470). Unless this right has been lost by one of the methods recognized by law, such surviving parent is entitled to the full and complete custody. Here, the only contention as to the loss of such right by the father was based on an alleged agreement and, as held in Division 1, the trial court was authorized under the evidence to find against that contention. Having found that the father was entitled to custody, the trial court had no discretion to qualify this custody by awarding visitation privileges to the grandparents.

(b) The other issue is whether the trial court had jurisdiction to supplement its final order of November 15, 1968, after a notice of appeal from that judgment had been filed. We conclude that it did not. Under Georgia Laws 1965, pages 18, 22 (*Code Ann.* § 6-1002), the notice of appeal served as a supersedeas, and the trial judge thus had no jurisdiction to modify the prior judgment while it was on appeal. In this connection, see *Swindle v. Swindle*, 221 Ga. 760 (5) (147 SE2d 307).

*Judgment affirmed on the main appeal; reversed on the cross appeal. All the Justices concur, except Mobley and Grice, JJ., who dissent from Division 2 (a) of the opinion.*

GRICE, Justice, dissenting. I cannot agree with the majority that the trial court abused its discretion in awarding visitation privileges to the grandparents. It has always been the law in this State that in cases involving the custody of children the chief concern is the best interest and welfare of the child, and that the court has a wide discretion in achieving this. See *Code* § 50-121; *Oetter v. Oetter,* 150 Ga. 118 (2) (102 SE 818) (one Justice absent); *Scott v. Scott,* 154 Ga. 659 (115 SE 2); *Evans v. Lane,* 8 Ga. App. 826 (70 SE 603). Under the circumstances here, where the child has been with the grandparents since his birth and is undergoing treatment for an eye condition for which he faces possible further surgery, it is my opinion that the judgment providing visitation with the grandparents should not be disturbed.

I am authorized to state that Mr. Justice Mobley joins in this dissent.