## 32761. WHITESIDE v. DICKERSON.

Bowles, Justice.

The appellee Terry Jack Dickerson filed a petition in the nature of habeas corpus to obtain custody of his minor child after his wife, from whom he had been divorced, died from injuries received in an automobile accident. The wife had been awarded custody of the child in the divorce proceedings, and the child's maternal grandfather had been granted letters of guardianship by the Probate Court of Douglas County following the fatal accident. The child's grandfather, Cecil Whiteside, is the appellant in this case.

In his petition, the appellee alleged that the appellant was illegally detaining his daughter, and that he had never knowingly surrendered or waived his parental rights to his child. He prayed that the court return the child to his custody and control, and grant such other relief as might be just and proper.

After a hearing, the trial court found that the father Dickerson was a fit and proper person to have custody and control of his daughter, and that any waiver of parental rights by him was ineffective to terminate his rights to the child. He did not, as a result of the execution of the asserted waiver, freely or voluntarily waive his rights as the natural guardian of the child. The trial court set aside the order of the Probate Court of Douglas County granting letters of guardianship to appellant, and ordered that appellee be entitled to complete control and custody of the person and property of his minor daughter. In addition, however, the child's grandfather was given certain visitation privileges.

The appellant files the present appeal and enumerates as error the conclusion by the trial court that appellee had not lost or forfeited his parental rights of the child, and in setting aside the lawful decree of the Probate Court of Douglas County granting letters of guardianship to appellant.

"On the death of the parent who holds custody of a child under a divorce decree, the prima facie right to the custody automatically inures to the surviving parent." *Brown v. Newsome,* 192 Ga. 43 (1) (14 SE2d 470) (1941).

"Unless such right has been lost in one of the ways provided by law the surviving parent is entitled to full and complete custody of the child." *Hendrix v. McClelland,* 226 Ga. 107 (1) (172 SE2d 663) (1970).

To deprive a parent of his right to custody, it must be shown with certainty that the parent relinquished his rights in one of the ways set forth in Code Ann. § 74-108. If by contract, the proof to establish the contract should be clear and definite. *Richards v. McHan,* 129 Ga. 275 (1) (58 SE 839) (1907); *Jackson v. Martin,* 225 Ga. 170 (1) (167 SE2d 135) (1969). Here, where there was evidence that an agreement for the father to surrender his parental rights to the grandfather, was not legally obtained, the trial court was authorized to find that the father had not surrendered parental control of his child. *Jackson v. Martin,* supra. Where there is any evidence to support the findings of the trial court, the reviewing court should not disturb the verdict. *Reagan v. Reagan,* 221 Ga. 656 (146 SE2d 906) (1966).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED
OCTOBER 25, 1977.

*Green & Butler, Larry Kent Butler, William O. Green, Jr.,* for appellant.

*Dodson & Emerson, David T. Emerson,* for appellee.