*Assistant District Attorney,* for appellee.

### 59637. ABRAMS et al. v. DAFFRON.

SOGNIER, Judge.

This is an appeal from an order granting guardianship over the persons and property of two orphaned minor children to their paternal grandfather. Appellants are the children's maternal aunt, who previously had been awarded temporary custody of the children pursuant to an order of the Juvenile Court of Gwinnett County, the great grandmother and the great uncle of the children. Appellants filed a caveat to appellee's petition for letters of guardianship. The caveat was granted by the Probate Court of Gwinnett County. Appellee appealed to superior court and in a well reasoned order appellee's motion for summary judgment was granted. We affirm.

Appellants argue that the trial court erred in granting the motion for summary judgment because the superior court lacked jurisdiction to decide the case. First, appellants contend, the trial court had no jurisdiction over the children since they had been removed to Florida pursuant to an order of the Gwinnett County Juvenile Court granting temporary custody to appellant aunt; second, appellants contend that when the juvenile court exercised jurisdiction in awarding temporary custody, the probate court and superior court were precluded from jurisdiction to hear a petition for guardianship of the children. We find both arguments unpersuasive.

Under Georgia law, the domicile of a minor child is that of his or her parents. Code Ann. § 79-404. The children's parents were domiciled in Gwinnett County at the time of their deaths. Unless the parents had voluntarily relinquished parental control, at their death, the children's domicile was also Gwinnett County. *Sailors v. Spainhour,* 98 Ga. App. 475, 479 (106 SE2d 82) (1958). Here there was no evidence that parental control was relinquished. The parents, however, were divorced and the mother had legal custody of the children. Upon her death, prior to the death of the father, legal custody automatically reverted to the father, Code Ann. § 74-106; *Whiteside v. Dickerson,* 240 Ga. 54 (239 SE2d 377) (1977), and the children's domicile was that of their father.

The order of the juvenile court granting temporary custody to appellant aunt in no way deprived the probate court of jurisdiction to hear the guardianship petition. See *Bedgood & Royal v. McLain,* 94 Ga. 283, 286 (21 SE 529) (1894). The juvenile court has exclusive

jurisdiction to hear cases involving deprivation and termination of parental rights. *West v. Cobb County Dept. of Family &c. Services,* 243 Ga. 425 (254 SE2d 373) (1979); *Gatlin v. Thompson,* 243 Ga. 668 (256 SE2d 353) (1979). Although the children here came within the definition of "deprived child" pursuant to Code Ann. § 24A-401 (h) (4) when they were left without a parent, guardian or custodian, a temporary custody award does not decide the issue of guardianship of the children. Although Code Ann. § 24A-302 may provide for the appointment of a guardian over the person and property of a child, the juvenile court here did not appoint a guardian but merely granted temporary custody to appellant aunt.

The appellee brought his petition for guardianship in the proper court. No objections regarding appellee's fitness as a guardian were raised by appellants in probate court. The only issue remaining is whether appellants are the nearest of kin by blood as required by Code Ann. § 49-107. The paternal grandfather is in a closer degree of kinship to his grandchildren than their maternal aunt. See Code Ann. § 113-903. The nearest relative has an absolute right to the appointment if unobjectionable. *Kelley v. Kelley,* 129 Ga. App. 257, 259 (199 SE2d 399) (1973).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED APRIL 7, 1980 — DECIDED JUNE 20, 1980 — REHEARING DENIED JULY 7, 1980 —

*G. Hughel Harrison,* for appellants.
*Gerald Davidson, Jr.,* for appellee.