The Honorable Gloria Cabe State Representative 415 Colonial Court Little Rock, AR 72201
Dear Representative Cabe:
You have requested an opinion on behalf of a constituent regarding Ark. Stat. Ann. 45-404 (Repl. 1977) which provides:
 Any juvenile within this State shall be considered a ward of this State, and may be subjected to the care, custody, control and jurisdiction of the juvenile court.
The above cited statute is contained within the Arkansas Juvenile Code of 1975. "Juvenile" is defined in that Code as "any person, whether married or single, who has not yet reached his 18th birthday." Section 45-403(1).
The specific questions asked about these provisions are as follows:
 1. Where in the Constitution of the State of Arkansas have "We the People . . ." lawfully given to the government of the State of Arkansas the delegated power to make all children up to their 18th birthday wards of the State of Arkansas?
 2. If this power to make all such children wards of the State of Arkansas is not lawfully delegated by the Constitution, then what is the common law theory, or doctrine, which is the foundation upon which the State of Arkansas can lawfully (constitutionally) assert that any child up to 18 years of age ". . . shall be considered a ward of this State ["]?
The letter from your constituent which forms the basis for your request states that since Article II, 1 of the Arkansas Constitution states "all political power is inherent in the people," any power not specifically granted to the government by [it] is reserved to the Arkansas citizenry. This being the case, the letter asserts, if a power is not granted to government in the Constitution, a constitutional amendment requesting such power for the government must be proposed and adopted.
I. THE ARKANSAS CONSTITUTION IS A LIMITATION, NOT A GRANT OF POWERS.
First, the above-cited premise on which question one relies does not represent the law in Arkansas. While the United States Constitution is a grant of powers, beyond the scope of which the federal government has no power to act, Arkansas' Constitution is a limitation of power. It's [Its] provisions list what government cannot do, and in the absence of such limiting language, the State Government may act. State v. Ashley, 1 Ark. 513, 538 (1839); St. Louis, I.M.S. Rwy Co. v. State, 99 Ark. 1, 14 (1911); Baratti v. Koser Gin Co., 206 Ark. 813, 817 (1944); Smart v. Gates, 234 Ark. 858,860 (1961). In fact, the Legislature through its lawmaking authority exercises the "political power of the people." Sewer Imp. Dist. No. 1 of Wynne v. Delinquent Lands, 188 Ark. 738,740-741 (1934); Wells v. Purcell, 267 Ark. 456, 464 (1979). The legal status of juveniles is not mentioned in the Constitution of Arkansas.
Thus, delegation of power by the Constitution regarding juveniles has not occurred — it doesn't mention the issue. But, because no limitation occurs either, the Arkansas General Assembly is free to pass legislation concerning the status of juveniles as long as such laws do not conflict with federal law.
The predecessor to the Juvenile Code of 1975 was Act 215 of 1911 which established juvenile courts. That Act declared that persons under 21 years old would be considered wards of the State "for purposes of this Act only." Act 215 was construed in Ex Parte King, 141 Ark. 213, 225, as permitting county courts to determine juvenile matters. This finding was overturned this year in Walker v. Arkansas Department of Human Services, 291 Ark. 43 (Jan. 20, 1987). However, the Court's view of what the Juvenile Code, past and present, applies to has not changed as found in dicta in Ex Parte King, supra, at 225:
 It occurs to a majority of us that governmental control over the subject-matter of infants, wards of the State, WHO ARE DEPENDENT, NEGLECTED AND DELINQUENT, as these terms are defined in the act under review, are in the same general class and are of the same character as the subjects above enumerated and were intended, in the general clause covering "every other case necessary to the local concerns of the respective counties," to come under the jurisdiction of the county courts vested by the clause.
If infants are dependent, neglected and in indigent circumstances, they are paupers; if they are born out of wedlock they are bastards; if they are idle and homeless they are vagrants; and if they have no trade or vocation they are subject to apprenticeship. IF INFANTS BELONG TO SOME ONE OR ALL OF THESE CLASSES, they come within the jurisdiction conferred upon the county courts by the above provision of the Constitution. If within any of these classes, the fact that they are infants should not render them any the less amenable to such jurisdiction. Certainly NO HIGHER DUTY COULD DEVOLVE UPON THE GOVERNMENT THAN TO THROW PROPER SAFEGUARDS AROUND THAT HELPLESS CLASS WHO HAVE BECOME DEPENDENT, NEGLECTED, ABANDONED AND WAYWARD, AND WHO HAVE THUS BECOME A CHARGE UPON THE PUBLIC, OR WARDS OF THE STATE.
These, of course, are functions of government in which the whole State in a broad sense is interested, but which in peculiar and local sense affect the immediate communities where the unfortunate classes, defined in the act, are located. (Emphasis added).
Obviously, the Arkansas Supreme Court views only those juveniles who fall within the parameters of the Juvenile Code because of some legal "disability" as possible wards of the State.
This principle is illustrated by the above-cited quote and the language of Act 211 limiting the "ward" provision by declaring such status would be attained "for purposes of this Act only."
The deletion of such limiting language from the Juvenile Code of 1975 is inexplicable. Yet, a reading of the entire 1975 Act indicates that in order to be considered a ward of the State, a juvenile must first operate under legal disability. Additionally, a juvenile has the same due process rights as an adult. Therefore, the State may not deprive him of his property or liberty without due process of law. See, generally, In Re Gault,387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
II. IN THE ABSENCE OF CONSTITUTIONAL LIMITATION, THE ARKANSAS LEGISLATURE MAY PROVIDE FOR THE WELFARE OF JUVENILES BECAUSE OF PARENS PATRIAE.
The common law theory or doctrine upon which the General Assembly may proceed is well recognized as the State's power to provide for the welfare of minors who cannot be provided for otherwise.
The United States Supreme Court has determined states have an interest in protecting the welfare of juveniles, Prince v. Commonwealth, 321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645 (1944) reh. den., 321 U.S. 804, 64 S.Ct. 784, 88 L.Ed. 1090 (1944). This power of the State extends further than that maintained over adults because of a fundamental difference between the interaction of the State and juveniles. Planned Parenthood Association v. Fitzpatrick, 401 F. Supp. 554, 566-67 (E.D.Pa. 1975).
While this authority is not unlimited, Ulsager v. District Court of Polk County, Iowa, 406 F. Supp. 10, 22 (S.D.Iowa 1975), it should be construed as liberally as possible within the parameters of (a State's) constitution. State v. Tincher, 166 S.W. 1028, 1030 (1914).
Parens patriae refers to the State as guardian of persons under legal disability. Of course, the language that every child shall be considered a ward of the State must be placed in the context of the Juvenile Code. Section 45-402 sets out the scope and purpose of the entire Act.
Juveniles as contemplated by typical juvenile codes are persons in need of supervision. They are considered as deprived of parental care and control thus, under a legal disability. In Re Turner, 145 P. 871, 873 (1915). Only when a juvenile is in this status of being without the care and control of parents is he considered a ward of the State. Pugh v. Pugh, 111 So. 644, 645 (1927); Leftwich v. Cook, 54 S.E.2d 455, 459, (1949).
In such cases, the State exercises its sovereign power of guardianship and the State assumes parental authority and duty. Fladung v. Sanford, 75 P.2d 685, 687 (1938); People ex rel Noonan v. Wingate, 33 N.W.2d 467, 470, (1941);.
The answers to your questions then are as follows:
 The Arkansas Legislature has the authority to provide that juveniles within the context as stated in 45-402, i.e., juveniles who are delinquent, the victims of neglect or those who cannot be properly provided for in their own home, shall be considered a ward of the State.
The theory upon which the Legislature has the authority to proceed is parens patriae as explained above.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.