The Honorable John E. Miller State Representative P O Box 420 Melbourne, AR 72556
Dear Representative Miller:
This is in response to your request for an opinion on the following questions: 1. The Commissioners of the Horseshoe Bend Municipal Recreation Facilities Improvement District No. 89-01 (M.R.I.D.) have noted Arkansas Code 14-88-501 relative to the sale or lease of any part of their facilities to the City. Their attorney was concerned since a portion of their MRID district is outside the city limits. The lakes and parks that they are considering deeding to the City are located within the city limits. Can MRID Commissioners transfer certain lakes and parks to the City of Horseshoe Bend although the District represents a relatively few property owners outside the city limits? 2. Concerning Arkansas Code Annotated 14-88-406, does the restriction of $1200.00 maximum annual compensation apply only to the City Attorney, or also to any private attorney representing the Improvement District?
It is my opinion that the answer to your first question is "yes". This conclusion is based upon the language of the pertinent Code provisions, in the absence of case law on point.
Arkansas Code of 1987 Annotated 14-88-502 states: (a) Any improvement district organized under the provisions of this chapter after February 1, 1967, may sell or lease its improvement, or any part thereof, to the city or town or to a public authority or other agency serving on behalf of the property owners of the district on such terms as the commissioners of the improvement board may deem for the best interest of the district and apply the proceeds therefrom on the payment of the principal of and interest on its outstanding bonds, if any, together with any paying agent's or other charges in connection therewith. (b) The city or town within which the district is located is authorized to purchase or lease as lessee and to operate the improvement of the district on such terms as it may agree with the commissioners.
The improvement district's authority to sell or lease its improvement to the city in this instance is therefore clearly established. The fact that some district property owners reside outside the city would not appear to diminish or otherwise impact this authority. Chapter 88 of Title 14 of the Code, under which this improvement district was presumably formed, clearly envisions the inclusion of lands outside the city limits. A.C.A. 14-88-201
and 14-88-202; see also Smart v. Gates, 234 Ark. 858, 355 S.W.2d 184
(1962). The key element in 14-88-501, for purposes of your question, would seem to be the fact that in selling or leasing the improvement, the commissioners act "for the best interest of the district". The proceeds may, moreover, be applied toward the payment of the principal of and interest on the district' outstanding bonds. Thus, the perceived underlying premise is that the district, including that property both within and outside city limits, will benefit from the transaction.
It is my opinion, in response to your second question, that this restriction applies to both the city attorney and to any private attorney representing the district. Subsection (a)(1) of A.C.A.14-88-406 designates the city attorney as the districts' attorney. Subsection (a)(2) states, however, with respect to municipal recreation improvement districts, that the district has the option of employing a private attorney in lieu of the city attorney. Subsection (c) then states: The attorney shall receive as his compensation such fees as may be agreed upon by the boards. However, in no event shall his total compensation in any one (1) year exceed the sum of one thousand two hundred dollars ($1,200).
The plain language of 14-88-406 therefore dictates that the restriction on compensation applies to "(t)he attorney," whether that be the city attorney or a private attorney employed at the option of the district.
The foregoing opinion, which I hereby approval, was prepared by Assistant Attorney General Elisabeth A. Walker.