The Honorable Wayne Matthews Prosecuting Attorney Eleventh Judicial District Jefferson County Courthouse P.O. Box 8051 Pine Bluff, Arkansas 71611
Dear Mr. Matthews:
This is in response to your request for an opinion on the following question:
 Is there any constitutional prohibition against the General Assembly enacting legislation to transfer the duties of the Probate Court from the County Clerks to the Circuit Clerks? It would appear that Amendment 41 would allow this.
For the reasons that follow, it is my opinion that the answer to your question is "no", there is no constitutional prohibition against the proposed legislation you describe.
Cases are legion in Arkansas for the proposition that the legislature is invested with all power not prohibited by the federal or state constitution. See e.g., Smart v. Gates,234 Ark. 858, 355 S.W.2d 184 (1961). Thus, the legislature may enact the law you describe unless some provision of either constitution prohibits it. The provision you mention, Arkansas Constitution Amendment 41, provides as follows:
 The provisions for the election of a County Clerk upon a population basis are hereby abolished and there may be elected a County Clerk in like manner as a Circuit Clerk, and in such cases, the County Clerk may be ex officio Clerk of the Probate Court of such county until otherwise provided by the General Assembly. [Emphasis added.]
As can be seen from the amendment, the county clerk may be ex officio clerk of the probate court until the General Assembly otherwise provides. It was held in Huggins v. Wacaster,223 Ark. 390, 266 S.W.2d 58 (1954), that the use of this permissive language meant that enabling legislation was necessary to implement the amendment. Your question is whether the duties of the county clerks in this regard may be transferred by the General Assembly to the circuit clerks. It is my opinion that such a law would not violate Amendment 41. It clearly leaves discretion as to this matter with the General Assembly. Additionally, we can find no other constitutional provision which would prohibit the legislation you describe.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb
[1] These provisions are set out at Arkansas Constitution Art. 7,19, as amended by Amendment 24. That section provides: The clerks of the circuit courts shall be elected by the qualified electors of the several counties for the term of two years, and shall be ex-officio clerks of the county and probate courts and recorder; provided, that in any county having a population exceeding fifteen thousand inhabitants, as shown by the last Federal Census, there shall be elected a county clerk, in like manner as the clerk of the circuit court, and in such case the county clerk shall be ex-officio clerk of the probate court of such county until otherwise provided by the General Assembly.