20697. CHAMBERS *et al. v.* LEE.

HAWKINS, Justice. This is a habeas corpus case filed by the father of a six-year-old boy against the child's maternal aunt and her husband, seeking the custody of the child, who was legitimatized in Fulton Superior Court on June 26, 1959, on a petition brought by the father immediately following the death of the mother. While the record discloses that the mother and child resided in the home of the father's mother for approximately seven months following the birth of the child, and for the next four years they resided in the home of the aforementioned maternal aunt, who cared for the child during the day while the mother was at work, for the last eighteen months prior to her death in June, 1959, the mother maintained a separate home for herself and her child, sending

the child to kindergarten while she worked; and there is no evidence that the mother ever surrendered custody and control of the child. It is shown by undisputed evidence that the child was born in 1953, during which year the father voluntarily contributed money to the mother while she and the child were residing in the home of his mother; that beginning in 1954, under court order, he paid $10 per week for some time; and that in September, 1955, he was ordered to pay $150 in back support, and was placed under the supervision of a probation officer and ordered to pay $8 per week for the future support of the child; the probation officer testifying: "I would not say that Mr. Lee's payments have always been regular and prompt, but they have been according to his condition and ability to pay. . . When he was behind, we would notify him to come in and discuss his case and let us know why he wasn't making his payments, and he would respond to any notice that we would send out. He would explain to me that he was working for different people and they wouldn't pay him until the job was completed, and he would come in and pay a lump sum, say $40 or $50, and catch up without any other court action." The exception in this case is to the following order and judgment of the trial court: "The habeas corpus of James W. Lee v. Mrs. Geraldine Chambers and Ezra C. Chambers for the possession of James Daniel Lee, a minor child, six (6) years of age, coming on to be heard, and after hearing evidence, argument, and considering same, the court is of the opinion that the said father's right to the custody of said child has not been lost by any one or more of the grounds provided under Georgia Code §§ 74-108, 74-109, or 74-110; therefore, the habeas corpus is hereby sustained and custody of minor child is awarded to the plaintiff, James W. Lee, the minor's father." *Held*:

1. "The mother of an illegitimate child shall be entitled to the possession of the child, unless the father shall legitimate him." Code § 74-203.

2. "A father of an illegitimate child may render the same legitimate by petitioning the superior court of the county of his residence, . . . [and] the court may pass an order declaring said child to be legitimate." Code § 74-103.

3. "When the mother of the child is dead, the father has the prima facie right of custody, and in order to sustain the contention that he has lost his parental power by reason of fail-

ure to provide necessaries for his child or by abandonment of his family, a clear and strong case must be made." *Roebuck* v. *Calhoun*, 201 *Ga.* 496 (40 S. E. 2d 142).

4. "In a habeas corpus proceeding brought by the father against third persons, one of whom is the sister of the child's dead mother, there being no evidence to show that the father had forfeited or surrendered his legal right of custody by any of the modes which the law provides, the judge did not err in awarding custody to the father." *Bond* v. *Norwood*, 195 *Ga.* 383 (24 S. E. 2d 289).

5. Under the foregoing principles of law as applied to this case, in which the evidence discloses that the father, who offered to marry the mother of the child and was refused, now has a normal, average home, a wife, and three children, and is financially able to support another child, the trial judge did not err in awarding custody of the child to the father. Code § 74-106; *Brown* v. *Newsome*, 192 *Ga.* 43 (14 S. E. 2d 470); *Chapin* v. *Cummings*, 191 *Ga.* 408 (12 S. E. 2d 312); *Baynes* v. *Cowart*, 209 *Ga.* 376 (72 S. E. 2d 716).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Robt. B. McCord, Jr., McCord & Cooper,* for plaintiffs in error. *Scott Walters, Jr.,* contra.