20849. GASKINS *et al. v.* BEASLEY *et al.*

DUCKWORTH, Chief Justice. This is a habeas corpus case, filed by the parents of two minor children against the maternal uncle and his wife, seeking custody of their children, which they had voluntarily released to the respondents until such time as they would be able to offer the children a suitable home. The record discloses that the mother of the children had been sentenced to the penitentiary after conviction of a felony prior to the voluntary release of parental control; that the father was thereafter convicted of abandonment and ordered to pay support under a court order, but his testimony was not controverted that he thought the children were being cared for by the respondents, and they had not requested any support from him; and that he plead guilty to the charge in order for the court to set a definite sum for him to pay; that the parties are now willing and able to support their children and maintain a home for them, but the respondents have refused to give them up without a court order; that the respondents are seeking to adopt the children; and there is some conflicting testimony as to how well the children were cared for before the parties entered into the agreement whereby the responddents gained custody from the parents. The case, having been transferred to the juvenile court, was heard by that court, and a final judgment was entered denying the prayers of the petitioners and remanding custody to the respondents. The exception is to that judgment. *Held:*

While judges of courts which deal with the custody of children must have the wisdom of Solomon and at all times remember that the State as parens patriae looks to the welfare of all children, nevertheless, under the law, a father is entitled to the custody and control of his children until their majority unless such parental power is lost as prescribed in Code § 74-108. *Bond* v. *Norwood*, 195 *Ga.* 383 (24 S. E. 2d 289); *Waldrup* v. *Crane*, 203 *Ga.* 388 (46 S. E. 2d 919). The agreement gave the respondents only temporary custody, and even then the father contributed to their support under a court order; and while there is a conviction of abandonment, the actual facts surrounding the alleged abandonment shows no actual abandonment whereby the father lost his parental rights. See *Chambers* v. *Lee*, 215 *Ga.* 629 (112 S. E. 2d 614). And though the respondents seek to show cruelty on the part of the mother by reason of lack of supervision and bad character before the children were voluntarily released to the respondents, this evidence does not in any manner show that the father has lost his parental rights. It follows that the court abused its discretion in remanding the custody back to the respondents and in denying the prayers of the petition for habeas corpus.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 11, 1960—DECIDED MAY 5, 1960.

*Robert E. Barfield,* for plaintiffs in error.
*Hal Bell, Assistant Solicitor-General, Al Jennings,* contra.