VAN L. ROWND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rownd v. Commissioner
Docket No. 3394-93
United States Tax Court
T.C. Memo 1994-465; 1994 Tax Ct. Memo LEXIS 473; 68 T.C.M. (CCH) 738; September 21, 1994, Filed *473 Decision will be entered under Rule 155. Van L. Rownd, pro se. For respondent: Julie M. T. Foster and Willard N. Timm, Jr.
GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 768.22. The sole issue for decision is whether petitioner is entitled to dependency exemptions for his two children under section 151. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Acworth, Georgia, on the date the petition was filed in this case. Petitioner timely filed his 1990 Federal income tax return claiming *474 dependency exemptions for his two children, William L. Rownd (William) and Christopher L. Rownd (Chris). Petitioner married Joan G. Rownd on March 22, 1969, and two children were born of their marriage. Chris was born on August 17, 1971, and William was born on January 22, 1975. Petitioner was divorced from Joan G. Rownd on May 8, 1989. The written property settlement agreement between petitioner and his former wife, which was incorporated into a judicial decree of divorce, provided that petitioner's former wife gained permanent custody of Chris and William, who were minors, and was entitled to claim the dependency exemptions for them for income tax purposes. As part of the child support, the divorce decree required petitioner to pay his former wife $ 500 per month, per child, until such child attained the age of 18. The divorce decree further required petitioner to pay for the cost of a 4-year college education, including tuition, expenses for room and board, books, and any related incidental expenses for both of his children, and to maintain his children's health insurance and pay their medical expenses. During 1990, William was age 15, a high school sophomore, and Chris, *475 age 19, was a college freshman attending the University of Georgia. Petitioner paid his former wife $ 8,100 in child support for William. Except for every other weekend and occasional holidays when petitioner had visitation rights, as provided in the divorce decree, William lived with petitioner's former wife. Also during 1990, petitioner paid directly to Chris $ 5,968 for college tuition, expenses for room and board, books, and related incidental expenses. Petitioner paid no child support to his wife for Chris during 1990 because Chris was 19 years old. The property settlement provided that petitioner's obligation to pay child support ended when each minor child reached age 18. Throughout the year, Chris lived away at college and stayed with both parents an equal amount of time. Additionally, petitioner paid $ 3,999.57 for medical insurance, which included coverage for himself and his sons, and $ 775.10 for medical expenses on behalf of both sons. [2] Petitioner's former wife provided less than half of the children's support. *476 Petitioner argues that since he paid more than half the children's support during 1990, he is entitled to claim dependency exemptions for them. The determination of respondent, as contained in her notice of deficiency, is presumed to be correct. Petitioner bears the burden of proving that respondent erred in her determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 151(c) allows a taxpayer an annual exemption amount for each dependent as defined in section 152. According to section 152(a), the term "dependent" means certain individuals, such as a son, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)". Generally, in the case of divorced parents, the custodial parent can claim the exemption where there exists a decree of divorce or separate maintenance and a child is in the custody of one or both of his parents for more than half of the year. Sec. 152(e)(1). With regard to his younger son, William, age 15 in 1990, petitioner testified that he and his former wife *477 entered into an oral agreement modifying the divorce decree, whereby he would be entitled to claim William as a dependent. There was no evidence presented at trial reflecting this arrangement, other than petitioner's self-serving testimony. Section 152(e)(2) allows the noncustodial parent to obtain the exemption if: (a) The custodial parent signs a written declaration stating that such custodial parent will not claim such child as a dependent for the taxable year; and (b) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year. The language of section 152(e)(2) has specific requirements that any such declaration by the custodial parent be in written form and attached to the noncustodial parent's tax return; therefore, the requirements of this statutory exception are not fulfilled. Consequently, petitioner is not entitled to claim a dependency exemption for William. With regard to his other son, Chris, petitioner argues on brief that since his son was age 19 and lived on the campus of the University of Georgia and away from his mother, she did not have custody of him in the year at issue. Petitioner contends that, with *478 respect to Chris, the support test of section 152(a) controls in the instant case, rather than the custody provisions of section 152(e). The resolution of this alternative argument depends upon the definition of the term "custody". Section 1.152-4(b), Income Tax Regs., states that "custody" is determined by the terms of the most recent decree of divorce. Pursuant to the Settlement Agreement between petitioner and his former wife, paragraph 2 entitled "CUSTODY", petitioner's former wife was given permanent custody of the minor children. Furthermore, the provision of the divorce decree entitled "Income Taxes" states that petitioner's former wife was entitled to declare her minor children as dependents. However, pursuant to Georgia State law, a child reaches majority upon attaining age 18, Ga. Code Ann. sec. 39-1-1 (Michie Supp. 1994), and the parental control terminates when the child reaches majority, Ga. Code Ann. sec. 19-7-1 (Michie Supp. 1994). Gaskins v. Beasley, 216 Ga. 19, 114 S.E.2d 373 (1960). Chris was born on August 17, 1971. Therefore, since Chris reached majority prior to the year at issue, the custody and the income *479 tax provisions of the settlement agreement incorporated into the divorce decree no longer applied to him in 1990. Since the custody and dependency provisions of the divorce decree were not applicable to Chris in 1990, and since Chris was a full-time student as described in section 151(c)(4), we must apply the support test as required by section 152(a). A son who receives over half of his support from the taxpayer is within the section 152(a) definition of the term "dependent". In the instant case, petitioner paid the amount of $ 5,968 directly to Chris for tuition, books, and living expenses. Furthermore, petitioner provided health and life insurance for Chris and paid all his medical expenses. Also, Chris testified at trial that his mother provided him with no support during the year at issue. Accordingly, we find that petitioner provided over half of Chris' support during 1990 and therefore is entitled to claim Chris as a dependent. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner deducted such amounts as medical and dental expenses on Schedule A for his 1990 Federal income tax return pursuant to sec. 213(d)(5).↩